**Erin Nicole LIGHTY, Appellant–Petitioner,**

v.

**Barry R. LIGHTY, Jr., Appellee–Respondent.**

**No. 49A02–0710–CV–896.**

Court of Appeals of Indiana.

Jan. 25, 2008.

Rehearing Denied Feb. 29, 2008.

---

2. We hereby deny Appellant's Motion for Appellate Attorney Fees.

Leslie C. Henderzahs, Church Church Hittle & Antrim, Noblesville, IN, Timothy J. O'Hara, Bryan H. Babb, Rhonda Yoder Breman, Bose McKinney & Evans, LLP, Indianapolis, IN, Attorneys for Appellant.

Brian K. Zoeller, Katherine A. Harmon, Cohen & Malad, Indianapolis, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Erin Lighty appeals the dismissal of her petition for dissolution. We reverse and remand.

### Issue

We address the dispositive issue, which we restate as whether the trial court properly determined that Kansas, not Indiana, had jurisdiction over Erin's child custody action.

## Facts

In 2006, Erin and Barry Lighty were dating, and Erin became pregnant. In February 2006, Barry moved from Indiana to Kansas, and Erin remained in Indiana. On October 13, 2006, Erin and Barry's daughter, E.L., was born. On November 25, 2006, the couple married. On December 20, 2006, Erin began the process of moving to Kansas. The couple's relationship quickly deteriorated, and on January 25, 2007, Barry petitioned for divorce in Kansas. On January 27, 2007, Erin and E.L. returned to Indiana. On January 31, 2007, Erin filed a petition for dissolution of the marriage in Indiana, in which she raised the issue of child custody.

On February 12, 2007, the Kansas court issued an order granting Erin "temporary primary residential custody" of E.L. App. p. 140. At a June 25, 2007 hearing, the Kansas court addressed whether it had jurisdiction over Erin and Barry's marriage so as to move forward with the divorce proceedings. The Kansas court determined that it did have "jurisdiction over the marriage and pending divorce of the parties...." App. pp. 164–65.

On July 17, 2007, the trial court held a hearing on a motion to dismiss Erin's petition for dissolution filed by Barry. On July 27, 2007, the trial court granted Barry's motion to dismiss. Regarding the dissolution of the marriage, the trial court found that Erin did not meet the residency requirements of Indiana Code Section 31–15–2–6 and that she could not petition for dissolution in Indiana. As for the child custody issues, the court found "that at the time the actions were initiated in Kansas and Indiana that the child was less than six months old and there was no home state of the child as defined by that law." App. p. 6. The trial court concluded, "Kansas has determined it has jurisdiction over the parties and child and has entered orders related to the temporary custody and parenting time of the child." *Id.* at p. 7. The trial court also concluded "that the Kansas court is exercising jurisdiction in accordance with the Uniform Child Custody Jurisdiction Law and therefore this Court may not exercise jurisdiction to make a child custody determination pursuant to Ind.Code 31–17–3–2(2)." *Id.*

On August 27, 2007, Erin filed a motion to correct error, Barry responded, and the trial court denied Erin's motion. Erin now appeals.

## Analysis

■ As an initial matter, we address Barry's claim that the trial court was deprived of any means to grant Erin relief. Here, Erin filed a petition for dissolution that raised the issue of child custody. The trial court granted Barry's motion to dismiss in part because Erin was not a resident of Indiana for six months prior to her filing the petition for dissolution as required by Indiana Code Section 31–15–2–6. Barry argues that because Erin's dissolution petition was dismissed and because she filed her child support action in a separate proceeding, she has not properly initiated a child custody action in Indiana.

"A child custody proceeding is commenced in the court by: (1) a parent by filing a petition [for dissolution, legal separation, or child support]...." Ind.Code § 31–17–2–3(1). Barry claims that absent a valid dissolution or support action, a court cannot obtain jurisdiction over a child custody matter. Barry relies on *Brokus v. Brokus*, 420 N.E.2d 1242 (Ind.Ct. App.1981). In that case, we concluded that even though the petitioner had not established residency prior to filing for dissolution her child support request provided a basis for seeking custody under Indiana Code Section 31–17–2–3 because an action for child support does not have the same residency requirements as a dis-

solution action. *Brokus,* 420 N.E.2d at 1246. In *Brokus,* however, the trial court was not required to address the questions presented to us today. *Id.* Because of the factual differences, we are not persuaded by Barry's reliance on *Brokus.*

Based on the plain language of Indiana Code Section 31–17–2–3(1), a child custody proceeding is commenced by filing a petition for dissolution—Erin did this. The fact that it was later determined that Erin did not meet the residency requirements of Indiana Code Section 31–15–2–6 for purposes of the dissolution, without more, does not invalidate the commencement of the child custody proceeding. *See Horlander v. Horlander,* 579 N.E.2d 91, 93 (Ind. Ct.App.1991), ("[I]t is important to recognize that a determination a court does or does not have jurisdiction over a dissolution proceeding does not answer the question of whether the court has jurisdiction to entertain a custody determination; therefore, we will address each separately"), *trans. denied.*

■ Having determined that the child custody issue was properly before the trial court, we now turn to Erin's argument. Erin asserts that the trial court improperly failed to exercise jurisdiction over the child custody issue under the Uniform Child Custody Jurisdiction Law ("UCCJL").[1] "We review a trial court's denial of a motion to correct error for an abuse of discretion." *Shane v. Home Depot USA, Inc.,* 869 N.E.2d 1232, 1234 (Ind. Ct.App.2007). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it, or the reasonable inferences drawn therefrom. *Id.* We also consider the standard of review for the underlying ruling, which in this case was

the granting of Barry's motion to dismiss. *Id.* Generally, a trial court's decision whether to exercise jurisdiction under the UCCJL is reviewed for an abuse of discretion. *Bergman v. Zempel,* 807 N.E.2d 146, 149 (Ind.Ct.App.2004). Although it is not clear whether Indiana should exercise jurisdiction under the UCCJL, it is clear that the trial court improperly denied Erin's motion to correct error and improperly dismissed Erin's child custody action.

In its order granting Barry's motion to dismiss, the trial court found in part:

14. The Court finds that the District Court of Johnson County, Kansas has determined it has jurisdiction over the parties and child and has entered orders related to the temporary custody and parenting time of the child.

15. The Court finds that the Kansas court is exercising jurisdiction in accordance with the Uniform Child Custody Jurisdiction Law and therefore this Court may not exercise jurisdiction to make a child custody determination.

App. p. 7.

The trial court's conclusion correctly restates the law. Specifically, Indiana Code Section 31–17–3–6(a) provided:

A court of this state shall not exercise its jurisdiction under this chapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.

However, we do not agree with the trial court that the Kansas court determined it

---

1. The UCCJL recently was recodified at Indiana Code Chapter 31–21–2. The parties do not dispute that the prior codification of the UCCJL applies. We refer to the prior codification of the UCCJL in this opinion.

had jurisdiction over the child custody dispute and was exercising jurisdiction in accordance with the UCCJL.

We reach this conclusion based on the repeated assertions by the Kansas court concerning jurisdiction. For example, on February 12, 2007, the Kansas court issued a journal entry granting Erin "temporary primary residential custody" of E.L. App. p. 140. The entry provided, "Due to actions being filed in Kansas and Indiana, the court enters this order as a temporary measure until jurisdictional issues, as well as other pending motions can be resolved." *Id.* at 141.

Similarly, at a March 9, 2007 telephone conference with the parties' attorneys, the trial court, and the Kansas court, the Kansas court stated:

Now, Commissioner Hale [of Indiana] I think is going to be unable to decide whether he has any jurisdiction over this case that he's got until he has a hearing. And I'm willing to defer making my determination of whether I have any jurisdiction, because at this point it's possible that both states could have jurisdiction.

If Commissioner Hale finds he has no jurisdiction, then I think Kansas gets exclusive continuing jurisdiction because no other state has accepted jurisdiction or acted upon its jurisdiction. And so I'm of the belief that Kansas could then have exclusive and continuing jurisdiction. But until Commissioner Hale determines he doesn't have jurisdiction, I'm not going to make that finding. And so I'm perfectly happy to withhold any further action on my case.

App. pp. 77–78.

At a June 25, 2007 hearing, the Kansas court addressed whether it had jurisdiction over Erin and Barry so as to move forward with the divorce proceedings. At that hearing, the Kansas court stated, "if Indiana got jurisdiction over the kid, then this is going to be a bi-state divorce case because Kansas has got jurisdiction over the divorce." Appellant's Addend. p. 37. The court went on to observe, "And even if Indiana has jurisdiction, there's still going to be the question of whether Kansas may have jurisdiction and whether or not I have to give deference to Commissioner Hale's ruling back in Indiana." *Id.* at 37–38. The Kansas court further stated:

So the Court finds and determines, I think as it inevitably must, that there's no disagreement, there's no dispute, because both parties admit by pleadings that Mrs. Lighty and Mr. Lighty are both residents of Johnson County, Kansas. And that gives me jurisdiction over the divorce case as near as I can tell.

Now, the issues pertaining to the Uniform Child Custody Jurisdiction Enforcement Act relate to the minor child of the parties, and those remain issues for another day, both in this case and in the Indiana litigation. It's conceivable the Indiana litigation may be dismissed. But is seems to me that there's no impediment to the Court deciding today that there is jurisdiction in this court.

*Id.* at 40.

On July 9, 2007, the Kansas court issued a journal entry based on the June 25, 2007 hearing. The July 9, 2007 journal entry provided in part:

3. The court determines that at the time of the filing of the Petition for Divorce herein the petitioner and the respondent were residents of the State of Kansas, were residing in a marital relationship in the State of Kansas, and that by reason therefore this Court has *in personam* jurisdiction over the parties to this action, has subject matter jurisdiction over the marriage and pending divorce of the parties, and that prop-

er venue for this action is in the District Court of Johnson County, Kansas.

App. pp. 164–65. This journal entry does not state that the Kansas court had or was exercising ongoing exclusive jurisdiction over the custody dispute.

Taking these statements together, we conclude that the Kansas court was initially deferring to Indiana on the issue of jurisdiction over the child custody dispute. The June 25, 2007 transcript is only one basis for our conclusion that the Kansas court was not exercising ongoing jurisdiction over the child custody issues pursuant to the UCCJL. Nevertheless, we address Barry's argument that the transcript of the June 25, 2007 is not available for our consideration.

■ First, Barry argues that Erin did not properly preserve this issue at the July 17, 2007 hearing. We disagree. At the July 17, 2007 hearing, Barry argued the trial court did not have jurisdiction over the E.L.'s custody because, based on the July 9, 2007 Kansas journal entry, Kansas had assumed jurisdiction. Erin responded that the Kansas court had declined to exercise jurisdiction over the child custody dispute. Regarding the transcript of the June 25, 2007 hearing, the following discussion took place:

> [Erin's Counsel]: The—in fact I have, Your Honor, a transcript, and I hesitated to provide it to the Court because it is a partial transcript. And the reason it is a partial transcript is because apparently the bailiff couldn't get it done.

It's a partial transcript of the hearing that occurred—

[Barry's Counsel]: Your Honor, I would object to—

The Court: That I don't want. I mean it appears from—perhaps it's not inartfully [sic] drafted, but it appears that the Court in Kansas has determined they've got custody—jurisdiction over the child. I mean there are orders on custody and everything else. They've dismissed the—denied the Motion to Dismiss. I mean I'm just trying to get some clarification to what this says.

[Barry's Counsel]: You're absolutely correct, Your Honor.

The Court: And I—I mean it's, again, you point out that the court doesn't particularly say that in paragraph three, but then it goes on in four and five and six,[2] which seems to imply that that's where it's determined. So I'm just trying to figure out what the status of review is—

&ast; &ast; &ast; &ast; &ast; &ast;

[Erin's Counsel]: And the reason it's being asked to be reviewed is because that journal entry is absolutely inconsistent with what [the Kansas court] on [sic] the record, Your Honor.

The Court: Okay.

[Erin's Counsel]: And what [the Kansas court] said—

[Barry's Counsel]: Your Honor, I'm going to object to counsel reciting what she thinks—

---

2. The Kansas court also ordered:
   4. The Temporary Orders for custody of and visitation with the minor child of the parties shall be modified to provide that the parties will alternate parenting time with their minor child from week to week.
   5. The specific schedule and exchange of the minor child for parenting time shall be arranged by the parties and the respondent is directed to contact the petitioner by e-mail within ten (10) days of this date to commence making such arrangements.
   6. Consistent with the prior orders of the court each of the parties shall be responsible for one half of the costs of transportation for parental access with the minor child.
App. pp. 164–65.

The Court: All right. I don't want to get into that. . . .

Tr. pp. 19–20. The parties continued to discuss whether the July 9, 2007 journal entry reflected the Kansas court's statements during the hearing and proceeded with the merits of Barry's motion to dismiss.

The Kansas court's July 9, 2007 journal entry was issued a little over a week prior to the July 17, 2007 hearing. In that time, Erin obtained a partial transcript but had not yet obtained a completed transcript. Erin informed the trial court of this, and the trial court expressly stated it did not want the partial transcript. It is unclear what more Erin could have done to preserve the issue.

■ Barry also argues that we may not take judicial notice of the transcript; however, we need not do so because Barry himself incorporated the transcript of the June 25, 2007 into these proceedings. On August 27, 2007, Erin filed a motion to correct error, asserting the transcript of the June 25, 2007 hearing had yet to be completed and explaining that she would provide it to the trial court as soon as it was available.[3] Barry responded to Erin's motion to correct error and included the affidavit of his Kansas attorney, in which he stated:

3. At the hearing on June 25, 2007, the judge entered various orders, including an order that the parties were to share parenting time with their minor child on weekly basis. At the hearing on August 14, 2007, the judge did not alter or amend his earlier orders, but simply directed the journal entry of the June 25, 2007, hearing incorporate by reference a transcript of those proceeding.

App. p. 177. Thus, in addition to Erin's urging that the trial court consider the contents of the June 25, 2007 transcript, Barry offered evidence to the trial court that the Kansas court's July 9, 2007 journal entry incorporated a transcript of the June 25, 2007 hearing. Given that both parties refer to the transcript in their pleadings relating to Erin's motion to correct error, the parties have implicitly included the transcript for our consideration on appeal.

Thus, based on the Kansas court's initial deference to Indiana regarding the exercise of jurisdiction, we conclude that Kansas did not exercise jurisdiction pursuant to the UCCJL. Although the Kansas court clearly issued temporary orders regarding the custody of E.L., the Kansas court did not intend to exercise ongoing exclusive jurisdiction at this stage in the proceedings. The trial court improperly denied Erin's motion to correct error and dismissed her child custody action.

In this case, the Kansas court clearly was aware of the jurisdictional issues and allowed Indiana to conduct a jurisdictional analysis first. This approach furthers the interstate cooperation component of the UCCJL. *See* I.C. § 31–17–3–1(a)(2). However, in this case, the states involved may have been too cooperative and too deferential in that more than a year has gone by since the parties have filed their petitions for divorce and dissolution and neither state has determined whether it should exercise jurisdiction based on the provisions of the UCCJL.[4] Thus, we re-

---

**3.** Erin waited as long as possible to file her motion to correct error. Without the completed transcript, Erin was left with the choice of filing an incomplete motion to correct error or letting the time in which she could file a motion to correct error pass.

**4.** It was wise of the Kansas court to issue temporary custody orders because without such, the already contentious dispute between the parties could have been disastrous.

mand for the trial court to conduct a hearing and determine whether Indiana should exercise jurisdiction under the UCCJL. *See* I.C. § 31–17–3–3.

### Conclusion

The trial court improperly denied Erin's motion to correct error and dismissed her child custody action. Although the Kansas court was issuing temporary custody orders, it expressly was deferring a final ruling on child custody jurisdiction until after the Indiana court heard the issue. We reverse and remand.

Reversed and remanded.

SHARPNACK, J., and VAIDIK, J., concur.