## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 27 2015, 9:57 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| **APPELLANT PRO SE** | **ATTORNEY FOR APPELLEES** |
| Michael Grantland | Jacob C. Elder |
| Sellersburg, Indiana | Jeffersonville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Grantland,

*Appellant-Plaintiff,*

v.

Office of Clark County Treasurer, David Reinhardt,

and

Office of Clark County Recorder, Richard Jones,

*Appellees-Defendants.*

January 27, 2015

Court of Appeals Cause No. 10A01-1409-MI-421

Appeal from the Clark Circuit Court

The Honorable Daniel E. Moore, Judge

Trial Court Cause No. 10C01-1404-MI-44

**Brown, Judge.**

[1] Michael Grantland, *pro se*, appeals the trial court's order dismissing his lawsuit against the Office of Clark County Treasurer, David Reinhardt, and the Office of Clark County Recorder, Richard Jones, (together, "Clark County") requesting a permanent injunction prohibiting Clark County from seeking payment of property taxes from him, and the denial of his motion to correct errors. We affirm.

## Facts and Procedural History

[2] On April 14, 2014, Grantland, *pro se*,[1] filed a complaint against Clark County in the Clark County Circuit Court alleging in part that he is the owner of land and improvements in Clark County, he has possessed "perfect equity in the described property since 2003," he is not a debtor, "[t]he constitutions of Indiana, both the original 1816 and 1851 protect the inalienable rights of the people," "[a]ll power is inherent in the people, and leaving no power inherent in the government," "[t]he free government of Indiana, being based solely on the power and authority of the people, lacks any lawful authority to materially burden the rights of any of the people," and that his property is "strictly

---

[1] Grantland identified himself in his complaint and on his appellant's brief as *sui juris*, which is Latin for "of one's own right; independent." *Black's Law Dictionary* 1662 (10th ed. 2014).

personal and private and has no other use or purposes concerning the public"
and "serves no commercial or business purpose." Appellant's Appendix at 6-8.
Grantland stated that he "makes absolutely no claims concerning the
constitutionality of the taxing powers or taxing statutes of the state of Indiana
and only claims that the taxing powers of Indiana are limited by the limits
placed upon the legislature within the constitution itself." *Id.* at 8. Under the
heading "Offence" in his complaint, Grantland alleged: "The defendants, being
of government office, possess no powers or authority over the inalienable right
to property of the plaintiff, yet are using their offices, statutes, code and
administrative procedures to alienate and to place a material burden upon that
right of the plaintiff." *Id.* at 9. Under the heading "Demanded Relief," the
complaint stated:

> The plaintiff hereby respectfully demands that this honorable court
> order an injunction against the defendants ordering them to cease any
> and all mailings with demands for the payments of money, directed
> against the property and or the owner, Michael Grantland. The
> plaintiff also respectfully demands the injunction to order the
> defendants to cease any recordings of any tax due or unpaid within the
> county or state government, and to alter any such existing recording to
> show no tax due or unpaid. It is also demanded that said injunction be
> made permanent and be attached to the property records as to inform
> any future office holders, until such time that the property is lawfully
> assigned to another entity not possessing such inalienable rights.

*Id.*

[3] On April 30, 2014, Clark County filed a Response to Complaint for Injunctive
Relief and Motion to Dismiss in which it argued that Grantland failed to meet

the burden necessary for the court to grant injunctive relief, noted that Grantland does not make any constitutional claim, and maintained that "Ind. Code § 6-1.1 *et seq.* establishes a county's ability to tax real property and obligations therein." *Id.* at 15. Grantland filed an Objection and Motion to Strike on May 2, 2014, arguing in part that the injury to property is a valid cause of action and he has the right to be heard, that "the defendants and their attorney owes [sic] a fiduciary duty to the people of Indiana," that "[t]he action of the defendants and their attorney of placing a response into the record of this court, denying the constitutionally protected inalienable rights of the people is a tort, and is a repugnant breach of the duty of loyalty owed," that "[t]hese are actions of a faithless servant, as these actions are directly against the interests of all the people of Indiana," and that, "[f]or these reasons, the plaintiff respectfully demands that the entire answer of the defendants be stricken from the record." *Id.* at 17.

[4] Grantland submitted interrogatories to Clark County, file-stamped on May 29, 2014, and the Office of Clark County Treasurer, David Reinhardt, submitted responses, file-stamped June 19, 2014. In response to an interrogatory asking "[s]pecifically which definition of the term 'taxpayer' in title 6-1.1 of Indiana code, property taxes, do you deem applicable to the plaintiff, Michael Grantland," Clark County answered that it could not "aver with any certainty that the term 'taxpayer' does or does not apply to Michael Garland." *Id.* at 34. In response to an interrogatory asking if demand for payment had ever been sent to the mailing address of Grantland concerning the property described in

the complaint, Clark County answered "Mr. Grantland owes taxes for the current billable year (2013 PAY 2014 taxes) which were mailed to his address . . . on April 7, 2014." *Id.* at 35. In response to an interrogatory stating "[p]lease describe the entire process that is used against anyone not complying with the payment demands sent from your office, including the final result for not paying such demands," Clark County answered:

> Each year on or before June 30 the County Treasurer shall certify to the County Auditor all parcels that are Tax Sale eligible. To be Tax Sale eligible, a parcel must have property taxes outstanding from the previous May due date. All parcels that currently have May 2013 taxes outstanding, and which are not paid by June 30, 2014, will be certified to the county Auditor as Tax Sale eligible. There are some exceptions for parcels with less than $25.00 of Tax Sale tax due and parcels on which we have an installment plan in place. A notice by certified mail will be sent to each tax sale eligible parcel owner advising the owner that the parcel will be offered on the tax sale if not sooner paid. The listing of parcels is also advertised in the News Tribune three times before the sale. We then petition the court for a Judgment and Order of Sale, and once granted, proceed with the Tax Sale, which is a tax lien sale. Successful tax lien buyers can then petition the court for a Tax Deed if the parcel is not redeemed within one year of the date of the Tax Sale.

[5]     *Id.* at 35-36. Grantland also filed a document with the trial court titled Filings for Judicial Notice setting forth portions of certain statutory provisions found at

Ind. Code §§ 6-1.1-8.2-2, -11-4.5, -12.2-8, -12.3-11, and -21.9-1.[2]  The court held a hearing on Clark County's motion to dismiss on July 15, 2014, and entered an order that day granting the motion.[3]  Grantland filed a motion to correct errors arguing in part that "[t]he court's order to dismiss holds that IC 6-1.1, Property Taxes, is in direct conflict with the constitution(s) of Indiana, and yet the court holds it as valid law and utilizes it to dismiss the valid claim of inalienable right of the plaintiff," that the court failed to address the fiduciary duties of the defendants and the law of agency, and that the order contains no special findings of fact.  *Id.* at 39.  The court denied Grantland's motion to correct errors.

---

[2] Ind. Code § 6-1.1-8.2-2 defines a taxpayer for the purpose of a credit for railroad car maintenance and improvements under Ind. Code §§ 6-1.1-8.2.  Ind. Code § 6-1.1-11-4.5 applies to taxpayers who lease certain property to the bureau of motor vehicles or bureau of motor vehicles commission.  Ind. Code § 6-1.1-12.2-8 defines a taxpayer for the purpose of a deduction for aircraft under Ind. Code §§ 6-1.1-12.2.  Ind. Code § 6-1.1-12.3-11 defines a taxpayer for the purpose of an intrastate aircraft deduction under Ind. Code §§ 6-1.1-12.3.  Ind. Code § 6-1.1-21.9-1 defines a qualifying taxpayer and a qualified taxing unit for the purpose of rainy day fund loans under Ind. Code §§ 6-1.1-21.9.

[3] A copy of the transcript is not included in the record.  Grantland filed a motion to proceed without transcript which states in part: "In preparing my brief, I realize that the standard of review is de novo.  Considering this fact, I now think the transcript from the trial court hearing on July 15, 2014 to be irrelevant to the review by this court."  Motion to Proceed without Transcript, December 3, 2014.  A motions panel of this court granted his motion.

### *Discussion*

[6] The issue is whether the trial court abused its discretion in dismissing Grantland's complaint requesting a permanent injunction prohibiting Clark County from seeking payment of property taxes from him and ordering Clark County to cease any recordings of any tax due or unpaid and in denying Grantland's motion to correct errors. We note that, although Grantland is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the orderly and proper conduct of [their] appeal." *Ankeny v. Governor of State of Ind.*, 916 N.E.2d 678, 689 (Ind. Ct. App. 2009), *reh'g denied*, *trans. denied* (citation omitted).

[7] Generally, we review rulings on motions to correct error for an abuse of discretion. *Ind. Bureau of Motor Vehicles v. Charles*, 919 N.E.2d 114, 116 (Ind. Ct. App. 2009); *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008), *reh'g denied*. An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it, or the reasonable inferences drawn therefrom. *Lighty v. Lighty*, 879 N.E.2d 637, 640 (Ind. Ct. App. 2008), *reh'g denied*.

Indiana Trial Rule 12(B)(6)[4] provides in part:

> Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:
>
> * * * * *
>
> (6) Failure to state a claim upon which relief can be granted. . . .

A complaint may not be dismissed under Ind. Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. *McQueen v. Fayette Cnty. Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), *trans. denied.* We view motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits. *Id.* When reviewing a trial court's grant of a motion to dismiss, we view the pleadings in a light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. *Id.*

---

[4] While Clark County did not specify the Trial Rule on which its motion to dismiss rested, it appears the trial court dismissed the complaint because it failed to state a claim upon which relief can be granted.

On appeal, Grantland raises a number of issues and attempts to make a number of arguments,[5] but fails to cite to relevant authority or develop cogent argument with respect to several of the issues he attempts to raise, and, accordingly, those arguments are waived. *See Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind.

---

[5] For instance, in his Statement of the Issues, Grantland states:

> Is the unauthorized encumbrance and injury of property a proper cause of action in the Indiana trial courts? Does the constitution of Indiana limit the authority and powers of the government of Indiana? Does the constitution of Indiana 1816 unalterably establish the free government of Indiana by forever excepting out the powers of government, the inalienable rights of the people, including the right to property? Are the actions of the defendants acting against the inalienable right of property of Michael Grantland, one of the people, in contradiction with the constitutional exception? Have the defendants acted beyond their authority and against the rights of Michael Grantland? Are the defendants officers of public trust, owing a fiduciary duty to the people, including Michael Grantland, as settlor / beneficiary of the public trust? Does the authorized power of agency over the rights and property of Michael Grantland exist or has it ever existed? Does the actions of Clark County Treasurer impose a material burden upon the right of property of Michael Grantland. Does Michael Grantland fit any of the definitions within IC 6 1.1, Property Taxes of the term 'taxpayer'?

Appellant's Brief at 3. In his Statement of the Facts, Grantland states that "[n]o contract has been claimed, and none submitted into the record," that he "has no agreement with the Treasurer or any other entity concerning his payment demands," and that "[n]o authorized power of agency exists nor has it ever existed concerning the plaintiff's right to property or the land described in the original complaint." *Id.* at 5. He further states that "[a] fundamental philosophy of the American constitutional form of representative government is that government is the servant of the people and not their master," that "[t]he government of Indiana is a trust, and the officers and employees of government trustees of that trust, and the people, including the plaintiff are the settlor / beneficiaries," that "[t]he state holds the bed of Lake Michigan in trust for the people as the common property of all," that "[i]t is in the best interest of the people to retain as many rights as possible and it is not the place of a servant to oppose the claim of those rights," that "[t]he answer of the defendants is scandalous, as it consists of a tort (breach of the duty of loyalty), on the record of the trial court," and that "[t]he government of Indiana, being a creation of the people have no natural authority or power to diminish or define the inalienable rights of the people, their creator. And it is against their created purpose to do so, or attempt to do so. Natural law." *Id.* at 5-6.

Ct. App. 2002) (holding argument waived for failure to cite authority or provide cogent argument), *reh'g denied*, *trans. denied*. Also, to the extent Grantland asserts that the court's order of dismissal is erroneous as it lacks findings of fact under Ind. Trial Rule 52, we note that Trial Rule 52 provides in part that "[f]indings of fact are unnecessary on decisions of motions under Rule[] 12 . . . ."

[10] To the extent that Grantland argues that certain Indiana Code provisions are applicable only to "commercial and business type entities" or that he is otherwise not liable for taxes imposed on his real property in Clark County, Indiana, *see* Appellant's Brief at 6, we will address his arguments. He contends that "[t]he several definitions of the term 'taxpayer' within IC 6 1.1, all define a taxpayer as a business or commercial entity," that neither he nor the land described in the complaint are involved in any business or commercial activities, and that he "is not a taxpayer as defined within the code that the defendants claim is their authority for acting against the rights of Michael Grantland." *Id.* at 7. In support of his argument, Grantland asserts that "[t]his issue is made apparent by the definitions submitted of the term taxpayer from IC6 1.1, that the court took mandatory judicial notice of" and by the interrogatory answer which stated Clark County could not "aver with any certainty that the term 'taxpayer' does or does not apply to Michael Grantland." *Id.*

[11] Clark County maintains, citing to Ind. Code § 6-1.1-2-4(a), that an owner of real property is responsible for paying for the taxes imposed on the property by

the county, that every statute is clothed with the presumption of constitutionality, that Grantland has owned real property in Clark County, Indiana, since 2000 and has not challenged the constitutionality of Ind. Code § 6-1.1-2-4(a), and that, therefore, Ind. Code § 6-1.1-2-4(a) controls and Grantland is responsible for the taxes assessed against his real property.

[12]     Ind. Code § 6-1.1-2-4 provides:

> (a)     *The owner of any real property on the assessment date of a year is liable for the taxes imposed for that year on the property*, unless a person holding, possessing, controlling, or occupying any real property on the assessment date of a year is liable for the taxes imposed for that year on the property under a memorandum of lease or other contract with the owner that is recorded with the county recorder before January 1, 1998. A person holding, possessing, controlling, or occupying any personal property on the assessment date of a year is liable for the taxes imposed for that year on the property unless:
>
>> (1) the person establishes that the property is being assessed and taxed in the name of the owner; or
>>
>> (2) the owner is liable for the taxes under a contract with that person.
>
> When a person other than the owner pays any property taxes, as required by this section, that person may recover the amount paid from the owner, unless the parties have agreed to other terms in a contract.
>
> (b)     An owner on the assessment date of a year of real property that has an improvement or appurtenance that is:
>
>> (1) assessed as real property; and

(2) owned, held, possessed, controlled, or occupied on the assessment date of a year by a person other than the owner of the land;

is jointly liable for the taxes imposed for the year on the improvement or appurtenance with the person holding, possessing, controlling, or occupying the improvement or appurtenance on the assessment date.

(c) An improvement or appurtenance to land that, on the assessment date of a year, is held, possessed, controlled, or occupied by a different person than the owner of the land may be listed and assessed separately from the land only if the improvement or appurtenance is held, possessed, controlled, or occupied under a memorandum of lease or other contract that is recorded with the county recorder before January 1, 1998.

(Emphasis added). Ind. Code § 6-1.1-1-9 defines "owner" and provides in part that, "[e]xcept as otherwise provided in this section, the holder of the . . . the legal title in fee to real property . . . *is the owner* of that property." (Emphasis added). Grantland alleged in his complaint and states on appeal that he is the owner of real property in Clark County, Indiana, that he has possessed perfect equity in the property since 2003, and that he is not a debtor. He does not claim or point to the record to show that his property is exempt under any applicable statutory provision.

In his filing with the trial court titled Filings for Judicial Notice, to which he cites on appeal, Grantland listed and set forth portions of certain statutory provisions found at Ind. Code §§ 6-1.1-8.2-2, -11-4.5, -12.2-8, -12.3-11, and -21.9-1. These provisions relate to certain credits, deductions, and other funds available to certain, but not all, taxpayers. The fact that Grantland does not

qualify for a credit for railroad car maintenance and improvements under Ind. Code §§ 6-1.1-8.2, does not lease property to the bureau of motor vehicles or bureau of motor vehicles commission under Ind. Code § 6-1.1-11-4.5, does not qualify for an aircraft deduction under Ind. Code §§ 6-1.1-12.2 or -12.3, and does not qualify for a rainy day fund loan under Ind. Code §§ 6-1.1-21.9 does not mean that he is not liable for the taxes imposed on real property where he is the owner of that property. We can say, viewing the pleadings in a light most favorable to Grantland as the nonmoving party, that it appears to a certainty on the face of the complaint that Grantland is not entitled to any relief.

Based upon the record, we conclude that Grantland's complaint failed to state a claim upon which relief can be granted and that the trial court did not err in granting Clark County's motion to dismiss his complaint and in denying his motion to correct errors.

### Conclusion

For the foregoing reasons, we affirm the rulings of the trial court.

Affirmed.

Bailey, J., and Robb, J., concur.