## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Jul 20 2016, 8:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Jon L. Orlosky
Muncie, Indiana

ATTORNEY FOR APPELLEE

David W. Stone IV
Stone Law Office & Legal
Research
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

M. Jewell, LLC,

*Appellant-Defendant,*

v.

Ezeguiel Garcia and
William Shoemaker[1],

*Appellee-Plaintiff.*

July 20, 2016

Court of Appeals Case No.
48A04-1510-MI-1715

Appeal from the
Madison Circuit Court

The Honorable
Thomas Newman, Jr., Judge

Trial Court Cause No.
48C03-1410-MI-639

---

[1] William Shoemaker was a party below but has not appeared in this proceeding.

**Kirsch, Judge.**

[1] M. Jewell, LLC ("Jewell") appeals the denial of a Motion to Correct Errors regarding its Order Setting Aside a Tax Deed and Sale and raises the following restated issue: whether the trial court abused its discretion in denying the motion.

[2] We affirm.

## Facts and Procedural History

[3] At all times here relevant, Ezeguiel Garcia ("Garcia") was the owner of property at 2830 East Cross Street, Anderson, Indiana ("the Property"). The property was used as a religious organization and was exempt from property tax; however, Indiana law provides for the collection of unpaid drainage assessments in the same manner as that for property tax assessments. *Indiana Code* section 6-1.1-11-9.

[4] Due to an unpaid ditch assessment, the Property was included in Madison County's October 2013 tax sale. The Madison County Auditor ("the Auditor") listed Garcia as the owner of the Property and his address as "1350 N. Delaware Street Indianapolis, Indiana 46202." SRI was the company responsible for providing tax sale notices on behalf of the Auditor. In July and August of 2013, SRI sent a Notice of Tax Sale and a Notice of Redemption Period to "1350 N. Delaware St. *2880 E.* Indianapolis, Indiana" (emphasis

added). *Appellant's App.* at 18, 21, 24. The notices were addressed to Izequiel Garcia, not Ezeguiel Garcia, the name of the grantee on the deed. *Id.* at 21, 24.

[5] Jewell purchased the tax certificate for the Property at the tax sale in October 2013. *Tr.* at 10. In February 2014 Jewell sent notices of sale and notices of date of expiration of period of redemption to the same nonexistent address used by SRI on behalf of the Auditor and the address listed on the Corporate Warranty Deed. All of the notices of sale were returned "Undeliverable as Addressed." *Appellant's App.* at 34.

[6] In August of 2014, Jewell posted notice of the tax sale on the property. The notice was placed on a side door of the church which was rarely used. *Id.* at 6. In October of 2014, Jewell sent notice of filing petition for tax deed by both U.S. mail, certified with return receipt requested and by first class US Mail to both addresses. One of the notices of filing petition for tax deed was delivered to the Delaware Street address. *Id.* at 47. Jewell then filed a petition for a tax deed, and the trial court entered its Order Directing the Auditor of Madison County to Issue a Tax Deed for the Property to Jewell.

[7] Jewell posted a notice to vacate the property on the front door of the church, Garcia challenged the issuance of the Order stating: "[he] never received a notification they sent it to a [*sic*] address we don't have. Our address is 1924 Yandes St. Indianapolis St." *Appellant's App.* at 50-52.

[8] Following a hearing on Garcia's motion on April 13, 2015, the trial court determined that Garcia had not been properly notified of the Tax Sale and that

Jewell's attempts to cure the lack of notice for the tax sale proceedings and notice of sale were not reasonably calculated to apprise Garcia of the proceedings. The court set aside its Order Directing the Auditor of Madison County to Issue a Tax Deed for the Property. *Id*. at 5-6.

Jewell filed a Motion to Correct Errors, which the trial court denied, and Jewell now appeals.

## Discussion and Decision

In general, we review a trial court's ruling on a motion to correct errors for an abuse of discretion. *Ind. Bureau of Motor Vehicles v. Charles*, 919 N.E.2d 114, 116 (Ind. Ct. App. 2009); *Speedway SuperAmerica, LLC, v. Holmes*, 885 N.E.2d, 1265, 1270 (Ind. 2008), *reh'g denied*. It is an abuse of discretion when the trial court's decision is against the logic and effect of the facts and circumstances before it, or the reasonable inferences drawn from them. *Lighty v. Lighty*, 879 N.E.2d 637, 640 (Ind. Ct. App. 2008), *reh'g denied.* We will not disturb the trial court's order unless it was clearly erroneous. *Infinity Prods., Inc. v. Quandt*, 810 N.E.2d 1028, 1031 (Inc. 2004). Only the evidence most favorable to the judgment and all reasonable inferences drawn therefrom will be considered. *Id*. We will not reweigh the evidence or assess the credibility of the witnesses. *Id*. at 1032.

Indiana Code section 6-1.1-24-4 requires the Auditor to notify the owner of record that the property is eligible to be sold in a tax sale and of the redemption process. The Indiana Supreme Court has summarized the notification procedures as follows:

> The property owner and any person with a "substantial property interest of public record" must each be given two notices.

> The first notice announces the fact of the sale, the date the redemption period will expire, and the date on or after which a tax deed will be filed (i.e., redemption notice). The second notice announces that the purchaser has petitioned for a tax deed. (i.e., notices of petition for tax deed).

*Ienma v. JP Morgan Chase Bank, N.A.*, 992 N.E.2d at 738-39 (Ind. Ct. App. 2013) (quoting *Tax Certificate Invs., Inc. v. Smethers*, 714 N.E.2d 131, 133 (Ind. 1999) (internal citations omitted)).

[12] Jewell contends that Garcia owed assessment fees for the Property, that notices were mailed by certified and First Class Mail to the address of record in the Auditor's office, and that all notices required under Indiana Code sections 6-1.1-24-4, 6-1.1-25-4.5(d) and 6-1.1-25-4.6(a) were reasonably calculated to inform Garcia of the pending proceedings. It also contends that the notices sent to Garcia were substantially compliant with the statutes, that the tax sale was valid and should have been sustained, and that the trial court erred when it denied its motion to correct errors following the setting aside of the tax deed and sale of the Property.

[13] Jewell also contends that there was no due process basis to defeat the tax sale. It argues that even though Garcia said he did not receive any of the mailed notices, "[d]ue process does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (U.S. 2006). Jewell further asserts that the physical posting on the

Property door was an appropriate and effective way of ensuring that a person is actually apprised of proceedings against him and that Garcia failed to notify the Auditor of his correct address.

[14] The tax sale process requires the issuance of notices to the property owner. Ind. Code §§ 6-1.1-24-4, 6-1.1-25-4.5(d) and 6-1.1-25-4.6(a). Only if the county auditor gives notice of the sale to the owner of record at the time of the sale is a purchaser entitled to a tax deed to the property. Ind. Code § 6-1.1-25-4.5(a)(3)(B). Finally, a person may, upon appeal, defeat the title conveyed by a tax deed if the notices required by Indiana Code section 6-1.1-24-4, and sections 4.5 and 4.6 of chapter 25 were not in substantial compliance with the manner prescribed in those sections. Ind. Code section 6-1.1-25-16(7).

[15] Here, the certified notices before the sale were not sent to the last address of the owner listed on the deed. SRI, who was responsible for providing notice for the Auditor, used the same incorrect address for more than one notice that was sent to Garcia, and SRI misnamed the owner in multiple notices. This did not constitute substantial compliance with the statutory requirements. Garcia was entitled to notice before and after the tax sale; the post-sale notice that was signed for at the Delaware Street address, does not cure lack of notice before the sale.

[16] The trial court rejected Jewell's assertion that the notice posted on the Property's side door was sufficient notice observing "[i]nterestingly, when the Plaintiff's posted a subsequent notice demanding [Garcia] to vacate the real

estate; that notice was posted conspicuously on the front door to the church."

*Appellant's App*. at 6.

[17] The trial court did not err when it denied Jewell's motion to correct error.

[18] Affirmed.

[19] Riley, J., and Pyle, J., concur.