878 N.E.2d 425 (2007)
L.H., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 49A04-0701-JV-45.
Court of Appeals of Indiana.
December 27, 2007.
*426 Joel M. Schumm, Indianapolis, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
ROBB, Judge.

Case Summary and Issue
L.H. was found by the juvenile court to have committed child molesting, a Class C felony if committed by an adult, and battery, a Class B misdemeanor if committed by an adult. L.H. appeals the true findings, contending that he was denied a fair trial when the juvenile court, at the State's request and over his objection, incorporated testimony, evidence, and exhibits from a child hearsay hearing into the fact-finding hearing. Concluding that the juvenile court improperly incorporated the record of the child hearsay hearing, we reverse and remand.

Facts and Procedural History
In August 2006, eight-year-old A.H. told her mother that for approximately the past four years, her cousin, twelve-year-old L.H., had been touching her inappropriately. A.H.'s mother took A.H. to the Child Advocacy Center where Lynette Garcia conducted a videotaped interview with A.H. about these allegations. The State subsequently filed a delinquency petition *427 alleging that L.H. had committed child molesting and battery on A.H. on or between February 2002 and August 2006.
An initial hearing was held on August 28, 2006, at which time L.H. denied the allegations of the petition. A fact-finding hearing was ultimately scheduled for November 2, 2006. Prior to the fact-finding hearing, the State filed a Child Hearsay Notice, notifying L.H. of its intent to introduce certain out-of-court statements made by A.H., including those made to Garcia during the videotaped interview, and requesting a hearing for determining the admissibility of the statements pursuant to Indiana Code section 35-37-4-6.
A hearing was held on November 2, 2006. The State questioned A.H., A.H.'s mother, and Garcia, with L.H. having the opportunity to cross-examine each witness. Four exhibits, including two illustrations, the videotaped interview, and a transcript of the interview, were admitted into evidence by the State. At several points during the presentation of evidence, both the State and L.H. referred to the proceeding as a child hearsay hearing. See Transcript at 46 (State objecting to L.H.'s questioning of A.H., stating "I know this is a child hearsay hearing . . ."); id. at 47 (L.H. responding to the State's objection, stating "[I]t's a pretrial hearing . . . right now"); id. at 71-72 (with respect to the playing of the videotape, L.H. stating "for purposes of the child hearsay portion of this hearing, I have no objection to it. At this point I'm not . . . agreeing to its admission for the trial . . ." and the juvenile court responding, "[t]hat was the only motion was that it will be admitted for purposes of this").
After A.H., A.H.'s mother, and Garcia had testified, the State rested "with respect to the child hearsay portion of the trial." Id. at 78. L.H. indicated he wanted to call a witness but needed to step out of the courtroom to find him. The State asked, "Is this for the child hearsay portion?" Id. L.H. replied it was, but then was unable to locate his witness. The juvenile court then asked for argument, and the State moved "for the admissibility of the hearsay statements that have been shown before the Court." Id. at 79. The State also moved "to incorporate all the testimony, as well as the evidence that has been entered into State's case in chief." Id. L.H. objected to both of the State's motions. With respect to the admission of the videotape, L.H. argued that the State had not shown that the hearsay statements bore sufficient indications of reliability to be admitted into evidence. With respect to incorporating the evidence, L.H. stated:
I object to the State's motion to incorporate. If the parties were in agreement to that, I could, that would be all right but with respect to incorporating pretrial testimony into the trial itself, we object to that. We don't agree to that and the statute certainly gives us an opportunity once the Court's made its ruling with respect to where the hearsay, to have an opportunity to have a trial and have witnesses called. Have the case carried out [in] the proper fashion according to XX-XX-X-X. And the trial rule. So I would object to the State's motion to incorporate what this Court has heard and taken into evidence at this time in the trial proper. Particularly, I object to . . . Well, my objection covers Judge, not only testimony but also these, State's exhibits that have been tendered at this point.
Id. at 80-81. The juvenile court ruled as follows:
The Court having heard the evidence in this matter. The testimony presented, with respect to the child hearsay motion, I'm going to grant State's motion and allow the child hearsay testimony to be *428 admitted into the case in chief. I'm also going to grant the motion to incorporate by reference testimony from the child hearsay motion, as to the State's case in chief, as well as the accompanying exhibits.
Id. at 87. The State offered no additional testimony, evidence, or exhibits. L.H. again stated his objection to incorporation and then rested. The juvenile court invited arguments on the fact-finding portion of the hearing and then made true findings as to both allegations. L.H. now appeals.

Discussion and Decision
L.H. contends that the juvenile court erred in incorporating all the testimony, evidence, and exhibits from the child hearsay hearing into the fact-finding hearing. Specifically, he contends that the requirements of the child hearsay statute were not met and that incorporation denied him a fair trial.
Indiana Code section 35-37-4-6, the "protected person" or "child hearsay" statute, sets forth a detailed set of conditions under which evidence that is not otherwise admissible will be allowed in cases involving certain crimes[1] against protected persons.[2] Specifically, section 35-37-4-6 provides, in pertinent part:
(d) A statement or videotape that:
(1) is made by a person who at the time of trial is a protected person;
(2) concerns an act that is a material element of an offense listed in subsection (a) or (b) that was allegedly committed against the person; and
(3) is not otherwise admissible in evidence;
is admissible in evidence in a criminal action for an offense listed in subsection (a) or (b) if the requirements of subsection (e) are met.
(e) A statement or videotape described in subsection (d) is admissible in evidence in a criminal action listed in subsection (a) or (b) if, after notice to the defendant of a hearing and of the defendant's right to be present, all of the following conditions are met:
(1) the court finds, in a hearing:
(A) conducted outside the presence of the jury; and
(B) attended by the protected person;
that the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability.
(2) The protected person:
(A) testifies at the trial, or
(B) is found by the court to be unavailable as a witness. . . .
Factors to be considered in the reliability determination include the time and circumstances of the statement, whether there was a significant opportunity for coaching, the nature of the questioning, whether there was a motive to fabricate, use of age-appropriate terminology, and spontaneity and repetition. Taylor v. State, 841 N.E.2d 631, 635 (Ind.Ct.App.2006), trans. denied. Section 35-37-4-6 applies to juvenile proceedings. D.G.B. v. State, 833 N.E.2d 519, 524-25 (Ind.Ct.App.2005).
L.H. first argues that the case can be "easily and appropriately resolved" by holding that the requirements of the child hearsay statute were not met because A.H. did not testify at a "trial" as required by *429 section 35-37-4-6(e)(2)(A) because there was no trial. Brief of Appellant at 6. L.H. contends that the juvenile court's judgment should be reversed on this basis. However, the ramification of the requirements of the child hearsay statute not being met is that the hearsay should not be admitted at trial. Reversal would not necessarily be required if other evidence is sufficient to support the adjudication. See Carpenter v. State, 786 N.E.2d 696, 704 (Ind.2003) (holding that the trial court abused its discretion in admitting child hearsay because it failed to exhibit sufficient indications of reliability, but noting that "it is not every error that warrants reversal of a judgment of conviction" and examining whether there was sufficient evidence outside of the hearsay to support the conviction). Moreover, because the issue of whether there was a "trial" remains unresolved unless we address the incorporation issue, we decline to decide the case on this basis.[3]
L.H. also argues that incorporation is inappropriate at juvenile fact-finding hearings.[4] The consideration of evidence presented at a previous proceeding in the same action is sometimes permitted. Arms v. Arms, 803 N.E.2d 1201, 1209 (Ind. Ct.App.2004). For instance, incorporation of testimony from one proceeding into another may be appropriate when agreed to by the parties, cf. Causey v. State, 808 N.E.2d 139, 145 (Ind.Ct.App.2004) (holding that defendant could not complain on appeal that the severed trial of two counts was tried to the same jury on the same day when he moved to sever the counts and then agreed to incorporating evidence from the trial of one count into the trial of the other count), or when specifically authorized by statute, see Ind.Code § 35-50-2-9(d) (stating that at a sentencing hearing in a criminal proceeding in which the State *430 has sought either a death sentence or a sentence of life imprisonment without parole, "[t]he jury or the court may consider all the evidence introduced at the trial stage of the proceedings, together with new evidence presented at the sentencing hearing"). There was no such agreement to incorporate here, as L.H. objected to incorporation on several occasions. Further, the language of the child hearsay statute seems to require the opposite of a dual proceeding: child hearsay is admissible if there is both a hearing on admissibility and a trial at which the child testifies. See Ind.Code § 35-37-4-6(e) (stating that child hearsay is admissible if "all of the following conditions are met": a proper hearing to determine reliability is held and the child testifies at the trial (emphasis added)).
The purpose of the child hearsay hearing is to determine the admissibility of certain hearsay statements, considering specific factors that demonstrate the reliability of the statements. It is a preliminary juvenile matter to which the rules of evidence do not apply. Ind. Evidence Rule 101(c)(2) ("The rules, other than those with respect to privileges, do not apply [to] . . . preliminary juvenile matters. . . ."); cf. Dumas v. State, 803 N.E.2d 1113, 1120-21 (Ind.2004) ("Indiana Evidence Rule 101(c) makes it clear that . . . the proceedings in which the rules of evidence do not apply involve those where evidence is presented to a trial judge alone without the intervention of a jury"). A defendant would clearly approach a child hearsay hearing differently than he would a trial as far as the making of objections and the scope of his own questioning. Some evidence may be received for purposes of determining the reliability of the hearsay statements that would not be admissible in a fact-finding hearing. We agree with L.H. that although incorporating testimony and evidence from a proceeding with greater procedural protections into a proceeding with lesser protections may be appropriate in certain circumstances, see Strowmatt v. State, 686 N.E.2d 154, 159 (Ind.Ct.App.1997) (holding that defendant was not deprived of any procedural rights or prejudiced by trial court hearing the evidence at defendant's child molesting trial as evidence in the State's petition to revoke defendant's probation), doing the opposite is not.
In Arms, we noted that courts "have permitted incorporating by reference evidence presented in an earlier hearing when doing so would prevent redundancy. That is, courts allow it when it will minimize needless and time-consuming duplication of effort that results in nothing more than the presentation of evidence that is identical to or cumulative of evidence previously placed before the court in the same case." 803 N.E.2d at 1209-10. Because the State's questioning of its witnesses during this child hearsay hearing was so broad and wide-ranging, there would undoubtedly have been some redundancy in the fact-finding hearing. However, L.H. was entitled to have a fact-finding hearing at which all procedural safeguards and evidentiary rules are observed, and incorporating the testimony from a preliminary hearing on an evidentiary matter did not merely "minimize needless and time-consuming duplication of effort." Id. Rather, it denied L.H. the hearing to which he is entitled. We therefore reverse the juvenile court's true findings and remand for a fact-finding hearing.[5]

*431 Conclusion

The trial court should not have incorporated the testimony, evidence, and exhibits from the child hearsay hearing into L.H.'s fact-finding hearing. Accordingly, the judgment of the juvenile court is reversed and this case is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
BARNES, J., concurs.
KIRSCH, J., dissents with separate opinion.
KIRSCH, Judge, dissenting.
I believe that L.H. has failed to show prejudice resulting from the trial court's incorporation of the evidence from the child hearsay hearing into the fact-finding hearing. In the absence of such prejudice, I believe that the trial court acted within its discretion, and, accordingly, I respectfully dissent.
L.H. contends that the incorporation was a denial of due process without setting out what process denied him a fair trial. L.H. had notice of the proceeding; he was present; he was represented by counsel; he had the right to cross-examine the State's witnesses; he had the right to recall such witnesses during his case in chief; he had the right to present evidence in his defense; the evidence, including the child hearsay, presented by the state was properly admitted; and the evidence is sufficient to support L.H.'s adjudication.
It seems to me that L.H. asks us to elevate form over substance. Here, the complaining witness was present in the courtroom on November 2nd for the denial hearing. As part of that hearing, the trial court had to determine the admissibility of the child hearsay evidence. The witness was sworn in, testified and was cross-examined. She said every thing she had to say. Why should we require the trial court to demand that the State call her to the stand a second time to say the same thing that she said minutes earlier? It seems to me that doing so would not provide any procedural safeguard to L.H. or benefit him in any way.
My colleagues conclude that "L.H. was entitled to have a fact-finding hearing at which all procedural safeguards and evidentiary rules are observed . . . and [incorporating the evidence] denied L.H. the hearing to which he was entitled." Slip Op. at. 9. The problem to me is that I don't know any procedural safeguards or evidentiary rules that weren't followed. And L.H. doesn't point to any in his brief. He makes no argument that any of the evidence which was admitted by incorporation should not have been admitted.
Even if we assume that the trial court's incorporation of the evidence was error, the error is harmless in the absence of any prejudice. I would affirm the trial court in all respects.
NOTES
[1] Pertinent to this case, the statute is applicable to sex crimes defined by Indiana Code chapter 35-42-4 and battery upon a child. Ind.Code § 35-37-4-6(a)(1), (2).
[2] As a child who is less than fourteen years of age, A.H. meets the statutory definition of a "protected person." Ind.Code § 35-37-4-6(c)(1).
[3] The State contends that although the pre-trial motion regarding child hearsay was resolved at the November 2, 2006, hearing, it was part and parcel of "but one [fact-finding] hearing," brief of appellee at 5, and all testimony, evidence, and exhibits presented at the hearing were for purposes of the denial hearing. The State thus claims there was a trial and reframes the issue presented by L.H. as simply whether the trial court properly admitted the videotape. We cannot agree with the State that the child hearsay hearing and the fact-finding hearing were not in fact separate proceedings. As we noted above, the juvenile court and both parties referred on several occasions to the fact that they were conducting a separate child hearsay hearing. Moreover, we question whether holding "but one hearing" for the purpose of establishing admissibility of child hearsay and fact finding with respect to the delinquency petition would be proper. The language of the statute seems to contemplate a separate hearing regarding child hearsay, followed by a trial at which the child testifies and the previously considered hearsay is admitted. See Ind. Code § 35-37-4-6(i) ("If a statement or videotape described in subsection (d) is admitted into evidence under this section, a defendant may introduce a transcript or videotape of the hearing held under subsection (e)(1) into evidence at trial."). In child in need of services ("CHINS") cases, in which a similar child hearsay statute is applicable, see Ind.Code § 31-34-13-3, we have held that it is error to merge the decisions on the admissibility of child hearsay and the CHINS determination into one fact-finding hearing. Townsley v. Marion County Dep't of Child Servs., 848 N.E.2d 684, 688-89 (Ind.Ct.App.2006); In re J.Q., 836 N.E.2d 961, 965 (Ind.Ct.App.2005); cf. Roark v. Roark, 551 N.E.2d 865, 869 (Ind.Ct.App.1990) (noting that the predecessor to the current CHINS child hearsay statute, Ind.Code § 31-6-15-3, is "identical in substance to the child hearsay statute enacted to protect children involved in criminal proceedings").
[4] Again arguing that there was only one hearing, the State contends there was no "incorporation." This argument ignores that at the November 2, 2006, hearing, the State made a specific motion to incorporate the testimony from the child hearsay hearing into the fact-finding hearing.
[5] L.H. does not contend the trial court erred in its determination that the videotape bore sufficient indications of reliability to be admissible at trial. Therefore, on remand, the videotape will be admissible into evidence if A.H. testifies or is found to be unavailable.