

**ATTORNEY FOR APPELLANT**

Jacob R. Cox
Cox Law Office
Indianapolis, Indiana

**ATTORNEY FOR APPELLEE**

Pamela G. Schneeman
Assistant Corporation Counsel
Office of Corporation Counsel
Indianapolis, Indiana

### IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Fifty Six LLC, individually and, alternatively, in the name of the State of Indiana on relation of Fifty Six LLC, | August 12, 2015 |
| *Appellant*, | Court of Appeals Case No. 49A05-1407-PL-323 |
| v. | Appeal from the Marion Superior Court |
| The Metropolitan Development Commission of Marion County, | The Honorable Patrick L. McCarty, Judge |
| *Appellee*. | Cause No. 49D03-1206-PL-24112 |

**Brown, Judge.**

[1] Fifty Six LLC ("Landowner") appeals from the trial court's order granting summary judgment in favor of the Metropolitan Development Commission (the "MDC"). Landowner raises one issue which we revise and restate as whether the trial court abused its discretion in denying Landowner's motion to correct error or erred when it granted the MDC's cross-motion for summary judgment. We reverse and remand.

## Facts and Procedural History

[2] In 2009, local residents, schools, churches, businesses, and other institutions began a community effort to prevent divestment of a local retail area in Millersville, which is a neighborhood located on the northeast side of Indianapolis in the area near and surrounding 56th Street and Emerson Avenue. Millersville is located in the southeastern portion of Washington Township and the southwestern portion of Lawrence Township, and Landowner owns an approximately twenty-one acre parcel of land ("Landowner's Parcel") in Millersville. The efforts of members of the Millersville community eventually led to the creation of the Millersville at Fall Creek Valley Community Organization (the "Organization"). The Organization sought to promote Millersville's history, schools, and culture; protect its water, parks, and greenways; preserve its diverse neighborhoods; utilize community resources to safely connect homes, schools, shops, and trails; and create a desirable community for its residents.

[3] In early 2010, the Organization began to work with the Indianapolis Division of Planning to assemble focus groups and work groups to study the issues

identified as areas of concern, which eventually culminated in a new comprehensive plan for the neighborhood, the Millersville at Fall Creek Valley Village and Corridor Plan (the "Millersville Plan"). The Millersville Plan that was eventually adopted contained two segments, "a village plan focused on the retail area centered on the Intersection of Emerson Way and 56th Street and the historic town of Millersville," and "a corridor plan focused on Fall Creek and its adjacent neighborhoods." Appellee's Appendix at 21.

[4] On December 14, 2011, a preliminary first draft of the Millersville Plan was presented at a public meeting and was made available for public review. Another draft of the Millersville Plan was prepared in anticipation of a January 18, 2012 adoption hearing and included changes to the housing density requirements for Critical Area #4, which included Landowner's Parcel, as well as recommendations on tree conservation and infrastructure. On January 12, 2012, the Division of Planning decided to postpone the adoption hearing, and a subsequent draft of the Millersville Plan was completed on February 1, 2012, in anticipation of a February 15, 2012 adoption hearing, and the plan was made available to the public on February 3, 2012. On February 7, 2012, a decision was made to postpone the scheduled hearing until March 21, 2012, to accommodate the needs of Rosemary Huffman, a representative of Landowner. On March 9, 2012, another draft of the Millersville Plan was completed in anticipation of the March 21, 2012 adoption hearing, and the plan was made available to the public on the same day in the Division of Planning's Office and on the City's website. One or more of the previous drafts of the Millersville

Plan described Landowner's Parcel (the "Initial Description") as "[t]his parcel along the east side of Brendan Forest drive [sic] consists of approximately 20 acres."  Appellant's Appendix at 217.

[5]     On April 25, 2012, a public meeting was held at which Landowner was given the following text describing Landowner's Parcel (the "Revised Description"):

> Brendan Forest is a meandering, low-traffic street.  An approximately 21-acre site is located along most of the east side of the street.  The remainder of the street's frontage is developed with single-family lots ranging in size from one-half to five acres.  The Critical Area is a transitional zone with Woollens Garden, a City-owned, State-designated nature preserve to the north; Brendonwood, a historic, low-density neighborhood to the west; a large apartment community to the east; and 56th Street, a high-volume arterial street to the south.  The I-465/56th Street interchange is nearby.

*Id.* at 216.  Landowner requested time to review this additional language, and Keith Holdsworth, Principal Planner with the Department of Metropolitan Development Planning Division, suggested that the language be discussed at a public meeting on May 2, 2012.  A public meeting was scheduled for May 2, 2012, to discuss the Millersville Plan, but Landowner instead requested a separate meeting for May 9, 2012, to discuss the Revised Description.

[6]     Another draft of the Millersville Plan was completed on May 4, 2012 in anticipation of a May 16, 2012 adoption hearing.  The May 4, 2012 draft described Landowner's Parcel using the Initial Description and was made available on the City's website, and notice of the hearing was provided in a Notice of Public Hearing which was published in the Court and Commercial

Record on May 4, 2012, and in the Indianapolis Star on May 5, 2012. At the scheduled May 9, 2012 public meeting, a decision was made to include the Revised Description provided to Landowner on April 25, 2012, in the Millersville Plan. On May 11, 2012, a final draft of the Millersville Plan was completed, in preparation for the May 16, 2012 adoption hearing, which formally replaced the Initial Description of Landowner's Parcel with the Revised Description of Landowner's Parcel. According to Holdsworth's affidavit, the Revised Description was added "in response to [Landowner's] request to add more description of the area." Appellant's Appendix at 217. The final draft of the Millersville Plan, in its entirety, was made available to the public on Friday, May 11, 2012 in the Division of Planning and the Office of the City-County Council, as well as on the City's website on May 14, 2012.

[7] On May 16, 2012, the MDC held a public hearing and voted on and approved Resolution No. 2012-CPS-R-001 (the "Resolution") which amended the Comprehensive Plan for Marion County by adopting the Millersville Plan. Specifically, the Resolution stated:

> Be it resolved that, pursuant to I.C. 36-7-4, the Metropolitan Development Commission of Marion County, Indiana, hereby amends the Comprehensive or Master Plan for Marion County, Indiana, by the adoption of the Millersville at Fall Creek Valley Village and Corridor Plan, which is attached hereto and incorporated by reference as an amendment to the Comprehensive or Master Plan of Marion County, Indiana.

Appellee's Appendix at 144. The Millersville Plan designated Landowner's Parcel as being located in Critical Area #4, established land use

recommendations for the area and described Landowner's Parcel using the Revised Description.[1]

[8] On June 15, 2012, Landowner filed a "Verified Action For Mandate And Request For Declaratory Relief" in which it asserted that the MDC failed to adhere to the public notice requirements for amendments to a comprehensive plan provided for in Ind. Code §§ 36-7-4-507 and -511(a) as well as the requirements for township advisory committees provided by Ind. Code § 36-7-4-504.5, and Marion County Ordinance Section 231-401 for amending a township's comprehensive plan, prior to adopting the Millersville Plan. The complaint requested a declaratory judgment that the MDC's approval of the Resolution was invalid for failure to adhere to Indiana law, and that the MDC be required to use township advisory committees and abide by the public notice requirements set forth in Ind. Code §§ 36-7-4-504.5 and -507, as well as attorney fees, costs, and all other just and proper relief.

[9] On September 6, 2012, the MDC filed an answer and asserted affirmative defenses against Landowner, and on March 28, 2013, filed an amended answer.

---

[1] The remainder of the description of Landowner's Parcel, which Landowner does not address in its brief, provides:

> Development in this area should act as a buffer between the higher density residential to the east and the lower density residential to the west. It is critical to provide an appropriate transitional density for this area that is compatible with surrounding land uses. High-quality woodlands and slopes greater than 10% found on the northern portion of the parcel should be protected from overdevelopment.

Appellee's Appendix at 82-83.

Both answers asserted that Landowner lacked standing to seek a declaratory judgment under Ind. Code § 34-14-1-2.

[10] On September 25, 2013, Landowner filed a motion for summary judgment along with a memorandum in support of summary judgment. Landowner argued that summary judgment should be granted in its favor because the MDC failed to establish township advisory committees as required by Ind. Code § 36-7-4-504.5 and Marion County Ordinance Section 231-401. Landowner further argued that the MDC did not provide the public with ten days notice of the entire plan, as required by Ind. Code § 36-7-4-507, when it admitted that the Millersville Plan, which was finalized on May 11, 2012, was not made available for public viewing until May 14, 2012, and was approved and adopted by the MDC at the May 16, 2012 public hearing less than ten days later.

[11] On January 27, 2014, the MDC filed its response to Landowner's motion for summary judgment, a cross-motion for summary judgment, and its designated evidence, which included Holdsworth's affidavit. The MDC argued that Landowner could not show "(1) the Millersville Plan affected [Landowner's] property rights (2) that [Landowner] was harmed because the final draft of the Millersville Plan was not published within ten days of adoption or that (3) the Millersville Plan is a township plan which requires a Citizen Advisory Committee." Appellant's Appendix at 195-196.

[12] On April 24, 2014, the trial court held a hearing on the cross-motions for summary judgment at which the court heard argument from both parties.

Landowner's counsel argued that the land use targeted for Landowner's Parcel by the Millersville Plan "uses it basically as a buffer between an apartment building on the east and a nicer neighborhood to the west, and she doesn't think that's appropriate which was the basis for her objection [to the Millersville Plan] in the first place." Transcript at 4. Counsel for Landowner also contended that the fact that the MDC admitted the Millersville Plan "is given weight in determining whether or not [Landowner] can use [the] land in any manner other than that set forth in this plan" establishes that Landowner has been harmed. *Id.* Landowner's counsel added that Landowner had "standing as a member of the community who was supposed to be protected by . . . the requirement of at least ten days public notice and availability of the plan before it's passed, as well as the creation of a Township Advisory Committee . . . ." *Id.* Landowner's counsel further argued that "there's also some question as to whether some of the language that was finally put into the final version was made available to my client before the 11th of May." *Id.* Landowner's counsel noted that the Millersville Plan was "an amendment to the comprehensive plan for that county, but with regards to [] Lawrence and . . . Washington Township – it's a revision" and that the Millersville Plan "is a smaller portion of the entire comprehensive plan for Marion County" but revises "the Lawrence and Washington Township plans in large part because entire chunks of those plans no longer apply and have been replaced." *Id.* at 6.

[13] Counsel for the MDC argued that Landowner "does not have standing to bring this lawsuit" because it lacked "a current justiciable interest" and that

Landowner's "concerns about how it might or might not be able to use its property in the future . . . are hypothetical." *Id.* at 9. As to notice of the Revised Description of Landowner's Parcel, counsel stated that Landowner received "this proposed language on April 25th." *Id.* at 11-12. As to procedures for convening township advisory committees, counsel argued that "we were not required to convene two different Township committees. This plan is a neighborhood plan. It addresses the Millersville Fall Creek Valley Neighborhood," and that the Millersville Plan does not "address an entire township and so it's our position therefore that it's not a comprehensive plan for an entire township." *Id.* at 12.

[14] Landowner's counsel argued that the Revised Description "was not given to my client before [the hearing]. My client was not made aware that it was in the plan," and that Landowner objected to the description because it wanted "to develop this land [and] the current zoning allows her to do so, I believe at three to five units per acre. This plan lowers that to one to one and half . . . ." *Id.* at 14-15. On the same day, the court entered an order granting the MDC's cross-motion for summary judgment.

[15] On May 27, 2014, Landowner filed a motion to correct error, arguing that the MDC "admit[ted] that the Millersville Plan *revises* the township comprehensive plans for Washington and Lawrence Townships in its Answer," that revising the Lawrence and Washington Comprehensive Plans without the required township advisory committees was error, and that the MDC failed to publish the entire Millersville Plan ten days before the meeting, as required by statute.

Appellant's Appendix at 234. Landowner contended that the MDC stated in an interrogatory that it would be amending its answer "to remove the affirmative defense that [Landowner] has no standing," that the MDC should be estopped from arguing lack of standing because its land is affected by the Millersville Plan, and that Landowner is "the very type of person whom [sic] is supposed to be protected by the notice provisions and requirements that township advisory committees be used as set forth in Indiana law." *Id.* at 237.

[16] On June 16, 2014, the MDC filed its statement in opposition to plaintiff's motion to correct error, arguing that Landowner lacked standing to challenge the Millersville Plan because Landowner had not yet made a decision about how to develop its land, for which "there is an entirely separate process to make actual land use and zoning decisions," that Landowner has "no current plans" for development of the area, and that it did not waive lack of standing as an affirmative defense. *Id.* at 247. On the same day, the MDC also filed a motion for leave to amend its answer to conform to the evidence and noted that it "admitted several allegations, which it very plainly should not have" and acknowledged that the Millersville Plan "did not amend or revise the comprehensive plans 'for' Lawrence and Washington Townships." Appellee's Appendix at 146 (footnote omitted).

[17] On June 20, 2014, the trial court entered an order denying Landowner's motion to correct error and granting the MDC's motion for leave to amend its answer to conform to the evidence.

## *Discussion*

The issue is whether the trial court abused its discretion when it denied Landowner's motion to correct error or erred when it granted the MDC's cross-motion for summary judgment.

Generally, we review rulings on motions to correct error for an abuse of discretion. *Ind. Bureau of Motor Vehicles v. Charles,* 919 N.E.2d 114, 116 (Ind. Ct. App. 2009); *Speedway SuperAmerica, LLC v. Holmes,* 885 N.E.2d 1265, 1270 (Ind. 2008), *reh'g denied.* An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it, or the reasonable inferences drawn therefrom. *Lighty v. Lighty,* 879 N.E.2d 637, 640 (Ind. Ct. App. 2008), *reh'g denied.*

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.,* 756 N.E.2d 970, 973 (Ind. 2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold,* 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. *Mangold,* 756 N.E.2d at 973. In reviewing a trial court's ruling on a motion for summary judgment, we may affirm on any grounds supported by the Indiana Trial Rule 56 materials. *Catt v. Bd. of Commr's of Knox Cnty.,* 779 N.E.2d 1, 3 (Ind. 2002). In ruling upon a motion for summary judgment, facts alleged in a complaint must be taken as true except to the extent that they are negated by depositions, answers to

interrogatories, affidavits, and admissions on trial or by testimony presented at the hearing on a motion for summary judgment. *Cowe by Cowe v. Forum Grp., Inc.*, 575 N.E.2d 630, 633 (Ind. 1991). The fact that the parties make cross-motions for summary judgment does not alter our standard of review. *Hartford Acc. & Indem. Co. v. Dana Corp.,* 690 N.E.2d 285, 291 (Ind. Ct. App. 1997), *trans. denied.* Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.* In the appellate review of summary judgment, "[q]uestions of statutory interpretation are questions of law, which are reviewed on a *de novo* basis by appellate courts." *Moryl v. Ransone*, 4 N.E.3d 1133, 1137 (Ind. 2014) (quoting *Klotz v. Hoyt*, 900 N.E.2d 1, 5 (Ind. 2009)).

[21] Landowner asserts that the MDC should be estopped from asserting that it lacks standing, that Landowner is the type of person the township advisory committee and notice provisions were intended to protect, that Landowner's interests are affected and have suffered injury because the Millersville Plan is a factor that determines land use, and that there is a disputed issue of fact as to whether Landowner had more than ten days notice of the language describing the parcel before the hearing at which the Millersville Plan was approved and adopted. The MDC contends that Landowner cannot show that it was injured by the adoption of the Millersville Plan because none of its rights in the land have been altered, as the zoning remains the same as it was prior to the plan's adoption, and that the MDC has not waived the lack of standing defense because Landowner had the opportunity to respond to the defense and

responded to it at the April 24, 2014 oral argument on the parties' cross-motions for summary judgment.

[22] Initially to the extent that the MDC argues that Landowner lacked standing, we observe that standing has been defined as "having 'sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'" *Ind. Civil Rights Comm'n v. Indianapolis Newspapers, Inc.,* 716 N.E.2d 943, 945 (Ind. 1999) (quoting BLACK'S LAW DICTIONARY 1405 (6th ed. 1990)), *reh'g denied*. Standing requires that a party have "a personal stake in the outcome of the lawsuit and must show that he or she has sustained or was in immediate danger of sustaining, some direct injury as a result of the conduct at issue." *Foundations of East Chicago, Inc. v. City of East Chicago*, 927 N.E.2d 900, 903 (Ind. 2010), *clarified on rehearing by* 933 N.E.2d 874 (quoting *Higgins v. Hale,* 476 N.E.2d 95, 101 (Ind. 1985).

[23] The record reveals that the MDC never withdrew its affirmative defense of lack of standing, notwithstanding the fact that the MDC stated in an interrogatory regarding its statement that "[Landowner] has no standing to seek declaratory judgment" with the response, "[o]bjection, this contention interrogatory is premature. Subject to and without waiving said objection, Counsel will be amending her answer to withdraw this affirmative defense." Appellant's Appendix at 187. Also, as noted, Landowner presented arguments specifically responding to the MDC's contention that it did not have standing to challenge the Millersville Plan at the summary judgment hearing, contended that the Millersville Plan functioned as a factor weighing against its future land use, and

argued that Landowner had the right to the local government's compliance with statutes relevant to preparing a comprehensive plan. The MDC argued that Landowner did not have standing to challenge the Millersville Plan, and thus, the MDC did not withdraw its affirmative defense that Landowner did not have standing.

[24] An examination of whether Landowner had standing requires an analysis of the role of a comprehensive plan in subsequent land-use decisions, and the relevant statutes related to comprehensive plans. Ind. Code § 36-7-4-504.5, titled "Comprehensive plan; township advisory committee," provides:

> (a) In preparing or revising a comprehensive plan for a township, the legislative body of the consolidated city shall adopt an ordinance requiring the plan commission to establish an advisory committee of citizens interested in problems of planning and zoning for that township, a majority of whom shall be nominated by the township legislative body.
>
> (b) An advisory committee created under subsection (a) must include a representative of the affected township legislative body as determined by procedures established in an ordinance adopted by the legislative body of the consolidated city.

Marion County Ordinance Section 231-401, titled "Township advisory committees," provides in part:

> (a) This section is adopted to comply with IC 36-7-4-504.5.
>
> (b) The metropolitan development commission shall establish an advisory committee of township citizens interested in problems of planning and zoning in that township to provide advice in preparing or revising the comprehensive plan for any township in Marion County.

Ind. Code § 36-7-4-507, titled "Comprehensive plan; notice and hearings before adoption," provides:

> Before the approval of a comprehensive plan, the plan commission must:
>
> (1) give notice and hold one (1) or more public hearings on the plan;
>
> (2) publish, in accordance with IC 5-3-1, a schedule stating the times and places of the hearing or hearings. The schedule must state the time and place of each hearing, and state where the entire plan is on file and may be examined in its entirety for at least ten (10) days before the hearing.

[25] To the extent the parties' arguments require us to interpret Ind. Code §§ 36-7-4-504.5 and -507, we note that "[c]lear and unambiguous statutes leave no room for judicial construction." *Basileh v. Alghusain*, 912 N.E.2d 814, 821 (Ind. 2009). But when a statute is susceptible to more than one interpretation it is deemed ambiguous and thus open to judicial construction. *Id.* If the statutory language is clear and unambiguous, we require only that the words and phrases it contains are given their plain, ordinary, and usual meanings to determine and implement the legislature's intent. *State v. Am. Family Voices, Inc.*, 898 N.E.2d 293, 297 (Ind. 2008), *reh'g denied*. Courts may not "engraft new words" onto a statute or add restrictions where none exist. *Kitchell v. Franklin,* 997 N.E.2d 1020, 1026 (Ind. 2013).

[26] Landowner's position is that summary judgment should have been granted in its favor because the MDC failed to establish township advisory committees when it drafted and passed the Millersville Plan, the use of which, Landowner contends, are required under Ind. Code § 36-7-4-504.5(a)-(b) and Marion

County Ordinance Section 231-401. Landowner also maintains that the MDC failed to adhere to Ind. Code § 36-7-4-507, by not providing notice ten days prior to the adoption hearing as to where the Millersville Plan was on file and could be examined in its entirety before holding a hearing on its approval and adoption.

[27] The MDC maintains that township advisory committees were not required because the Millersville Plan amended the Marion County Comprehensive Plan, which does not require the formation of township advisory committees, that the plan did not revise the comprehensive plans for Lawrence and Washington Township, and that neither Ind. Code § 36-7-4-504.5(a) nor Marion County Ordinance Section 231-401(b) requires the formation of township advisory committees in preparing a comprehensive plan for a neighborhood, small community, or sub-area. The MDC asserts that it actually or substantially complied with the notice requirement, that the word "entirety" is undefined but does not necessarily mean word-for-word identical, that the change to the description of Landowner's Parcel did not alter any of the plan's substantive findings or recommendations, and that prior judicial decisions have held that substantial compliance with statutory notice requirements has been treated as compliant with the law in other contexts.

[28] Landowner is challenging the Revised Description, but its primary issue with the Millersville Plan appears to be the characterization, land use, and development recommendations it adopts for Landowner's Parcel, which lies

within the area designated as Critical Area #4.  Regarding the role of a comprehensive plan, the Indiana Supreme Court has acknowledged that:

> [a] comprehensive plan is a community's long-range vision for physical development, but implementing the plan as regards a given piece of real estate may not be the best course of action for the community on a given day.  A comprehensive plan is "a guide to community development rather than an instrument of land-use control."

*Borsuk v. Town of St. John*, 820 N.E.2d 118, 121 (Ind. 2005) (citations omitted).  Recommendations in a comprehensive plan serve to guide subsequent decision-makers rather than establish present and binding land-use controls.  The Indiana Code provides that, should a parcel's zoning change, and, here, the zoning applicable to Landowner's Parcel has not changed, the plan commission and the legislative body "shall pay reasonable regard to" a number of enumerated *factors*: "(1) the comprehensive plan; (2) current conditions and the character of current structures and uses in each district; (3) the most desirable use for which the land in each district is adapted; (4) the conservation of property values throughout the jurisdiction; and (5) responsible development and growth."  Ind. Code § 36-7-4-603 (Emphasis added).  A comprehensive plan pertaining to a parcel is one of several factors that a plan commission may subsequently consider should it decide at a later time to alter the zoning applicable to a parcel.

[29]  Landowner's Parcel is located in the area described as Critical Area #4 in the Millersville Plan, and thus Landowner's Parcel is directly affected by the

Millersville Plan and its land-use recommendations. The 500 series of the Indiana Code governs the adoption of comprehensive plans and includes provisions for township advisory committees and notice and hearing requirements. A comprehensive plan is one of several factors that determines future, binding land-use regulations. Landowner has shown that Landowner's Parcel is or would be directly impacted by the recommendations of the Millersville Plan. Accordingly, we conclude that Landowner has standing to challenge the Millersville Plan. *See Foundations of East Chicago*, 900 N.E. 2d at 903 ("The fact that Section 302 has the potential to set in motion events under which the Commission might eliminate that flow of money is sufficient to find standing under these circumstances.").

[30] The text of Ind. Code § 36-7-4-504.5(a) requires the formation of township advisory committees when "preparing or revising a comprehensive plan for a township" but does not include provisions requiring township advisory committees when a neighborhood or sub-area is the subject of a comprehensive plan. The Resolution adopting the Millersville Plan states that it "amend[ed] the Comprehensive or Master Plan for Marion County, Indiana, by the adoption of the Millersville at Fall Creek Valley Village and Corridor Plan, which is attached hereto and incorporated by reference as an amendment to the Comprehensive or Master Plan of Marion County, Indiana." Appellee's Appendix at 144. The Millersville Plan was prepared as a village and corridor plan for the Millersville neighborhood, and not as a revision to the comprehensive plans for either Lawrence or Washington Township. Although

Millersville partially lies within both Lawrence and Washington Township, the designated evidence further reveals that the Millersville Plan was not prepared as a revision to the existing comprehensive plans for either Lawrence or Washington Township and that the process for adopting township comprehensive plans, including the formation of township advisory committees, was followed at the time comprehensive plans were adopted for those townships. Under the circumstances, we cannot say that township advisory committees were required.

[31] Ind. Code § 36-7-4-501 provides that a "comprehensive plan shall be approved by resolution in accordance with the 500 series . . . . The plan commission shall prepare the comprehensive plan." Ind. Code § 36-7-4-507 requires that the schedule must "state where the entire plan is on file and may be *examined in its entirety for at least ten (10) days* before the hearing." (Emphasis added). The notice and hearing requirement in the 600 series governing zoning allows for substantial compliance. *See* Ind. Code § 36-7-4-604(e) ("A zoning ordinance may not be held invalid on the ground that the plan commission failed to comply with the requirements of this section, if the notice and hearing substantially complied with this section."). However, the MDC does not point to a similar provision allowing for substantial compliance in the context of amendments to comprehensive plans. The designated evidence shows that, although Landowner received a copy of the Revised Description on April 25, 2012, the final draft of the Millersville Plan was not available to the public until, at the earliest, May 11, 2012, was available on the City's website on May 14,

2012, and was adopted on May 16, 2012, five days after publication of the final draft. We conclude that the Millersville Plan did not comply with the requirement that the plan be published in its entirety ten days prior to a hearing pursuant to Ind. Code § 36-7-4-507. On this basis, we reverse the trial court's order granting the MDC's cross-motion for summary judgment and its order denying Landowner's motion to correct error and remand for further proceedings.

## *Conclusion*

[32] In summary, we conclude that Landowner had standing to challenge the Millersville Plan, and that the MDC did not comply with the statutorily required notice and hearing provisions prior to the hearing on the Millersville Plan's adoption.

[33] For the foregoing reasons, we reverse the trial court's denial of Landowner's motion to correct error and the trial court's entry of summary judgment in favor of the MDC and against Landowner, and we remand for further proceedings.

[34] Reversed and remanded.

Bailey, J., and Robb, J., concur.