ATTORNEYS FOR APPELLANT
FOUNDATIONS OF EAST CHICAGO, INC.
Peter J. Rusthoven
Mark J. Crandley
Deborah Pollack-Milgate
Paul L. Jefferson
Indianapolis, Indiana

ATTORNEYS FOR AMICI CURIAE
SAINT STANISLAUS CHURCH AND SCHOOL,
THE TWIN CITY MINISTERIAL ALLIANCE, AND
THE NORTHWEST INDIANA FEDERATION,
F/K/A INTERFAITH FEDERATION
Kathleen A. DeLaney
Amanda Couture
Indianapolis, Indiana

NEIGHBORS INCORPORATED OF HAMMOND,
INDIANA, ST. CATHERINE HOSPITAL, INC.,
WORKFORCE DEVELOPMENT SERVICES, INC.,
CALUMET COLLEGE OF ST. JOSEPH, INC.,
JANELLE SCOTT, AND
THE HON. WILLIAM H. HUDNUT
Stephen J. Peters
David I. Rubin
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
CITY OF EAST CHICAGO
James A. Knauer
William Bock, III
Steven E. Runyan
Indianapolis, Indiana

STATE OF INDIANA
Gregory F. Zoeller
Attorney General of Indiana

Thomas M. Fisher
Solicitor General of Indiana

Heather L. Hagan
Deputy Attorney General
Indianapolis, Indiana

FILED
Sep 16 2010, 12:14 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S02-0908-CV-00383

FOUNDATIONS OF EAST CHICAGO, INC.,
SUCCESSOR BY MERGER TO EAST CHICAGO
COMMUNITY DEVELOPMENT FOUNDATION,
INC. AND TWIN CITY EDUCATION
FOUNDATION, INC.,

*Appellant (Plaintiff below),*

v.

CITY OF EAST CHICAGO,

*Appellee (Defendant below),*

and

STATE OF INDIANA,

*Appellee (Intervenor-Defendant below).*

Appeal from the Marion Superior Court, No. 49D13-0705-PL-019348
The Honorable S.K. Reid, Judge

On Petition for Rehearing

**September 16, 2010**

**Shepard, Chief Justice.**

The present appeal concerns the constitutionality of a 2007 amendment to Indiana's gaming law that the City of East Chicago has contended authorizes it to redirect to itself, unilaterally, certain revenue from the riverboat gaming licensee operating in East Chicago dedicated in support of economic development.

We earlier declined to address the constitutionality of that amendment after concluding that there was a nonconstitutional basis for resolving the instant dispute. We rejected the arguments advanced by appellant Foundations of East Chicago that the amendment impaired its contract rights. We held instead that the amendment merely recognized what had been true before its adoption: that at least within certain bounds the City was free to change its mind about the local development agreement it had consummated with the original license applicant, but that the flow of funds in support of local economic development was governed by the license issued by the Indiana Gaming Commission and that alteration of this distribution was within the authority, judgment, and supervision of the Commission. Foundations of East Chicago v. City of East Chicago, 927 N.E.2d 900 (Ind. 2010).

2

By way of petition for rehearing, Foundations reports that even before our decision had been certified the City moved the trial court to terminate the escrow account into which the licenseholder's economic development contributions have been deposited and return the balance in the account to the City of East Chicago. (Foundations Add. Ex. A.) This motion was, of course, premature under the appellate rules. Ind. Appellate Rule 65(E) ("[P]arties shall not take any action in reliance upon the opinion or memorandum decision [by a court on appeal] until the memorandum or decision is certified."). The trial court rightly denied the City's request on that ground alone.

Even if timely, however, the request that the trial court order the economic development funds redirected to the City on the basis of its ordinance and the 2007 amendment fell within the core of our decision in this case, and that decision was adverse to the City's position that it possessed unilateral authority to redirect the funds. Thus, the City's motion for an order directing that the escrowed funds be transferred to the City should be denied on its merits if timely filed.

We grant rehearing for purposes of this clarification of our mandate, and otherwise leave intact our original opinion.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.