# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**STEVEN P. LANGDON**
McNeely Stephenson Thopy & Harrold
New Albany, Indiana

ATTORNEY FOR APPELLEES:

**STEPHEN W. VOELKER**
Voelker Law Office
Jeffersonville, Indiana

**FILED**

Feb 27 2012, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ARC CONSTRUCTION MANAGEMENT, LLC, and ALAN MUNCY, ) ) ) | |
| Appellants-Defendants, ) | |
| vs. ) | No. 10A01-1106-CT-247 |
| ) | |
| JOHN ZELENAK and CECILIA ZELENAK, ) | |
| ) | |
| Appellees-Plaintiffs, ) | |

APPEAL FROM THE CLARK SUPERIOR COURT
The Honorable Joseph P. Weber, Judge
Cause No. 10D03-1002-CT-5

**FEBRUARY 27, 2012**

**OPINION - FOR PUBLICATION**

**BARTEAU, Senior Judge**

John and Cecilia Zelenak filed a lawsuit against ARC Construction Management, LLC, and Alan Muncy (collectively, "ARC") regarding the construction of their home. ARC filed a motion to dismiss, which was treated as a motion for summary judgment. The trial court preserved one of the Zelenaks' claims but granted summary judgment in favor of ARC on the others. ARC now brings this interlocutory appeal. We affirm and remand.

ISSUE

ARC presents two issues, which we consolidate and restate as: whether the trial court erred by denying summary judgment on the remaining claim.

FACTS AND PROCEDURAL HISTORY

In 2004, the Zelenaks and ARC entered into a purchase agreement for a newly-constructed home in Floyd County. In 2008, the Zelenaks filed a complaint against ARC, which they later amended. The amended complaint states:

> AMENDED CLAIM FOR MONEY DAMAGES, FRAUD, BREACH OF WARRANTY, NEGLIGENCE, AND DECEPTIVE SALES ACT
>
> [The Zelenaks] allege:
> 1. On March 8, 2004, [the] Zelenak[s] entered into a contract with [ARC] for the construction of a home . . . .
> . . . .
> 3. [ARC] breached the contract by not constructing the home in a structurally sound manner and building it contrary to the building code.
> . . . .
> 5. [ARC] committed either an actual or a constructive fraud by not constructing the home in accordance with the building codes.
> . . . .
> 7. The home contains the following violations of the Building Codes[:]

> A. Windows and doors were not properly installed or were defective when supplied.
> B. Lintels remain unpainted. One rafter is missing.
> C. Exposed electrical wires.
> D. Water intrusion.
>
> 8. [ARC has] disclaimed all liability for these violations.
>
> 9. [ARC is] guilty of deceptive sales acts.
>
> 10. The defective work complained of occurred because of the negligence of [ARC].
>
> 11. The water intrusion has damaged personal property inside the home.
>
> WHEREFORE, [the Zelenaks] request a judgment against [ARC] for enough money to cover their losses, for punitive damages in a sum sufficient to punish [ARC] and to deter others from similar conduct in the future, their attorneys fees, interest and costs.

Appellants' App. C, pp. 1-2.

In 2010, the Zelenaks' home was taken in foreclosure proceedings. Thereafter, ARC filed a motion to dismiss the Zelenaks' amended complaint under Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted, along with a memorandum in support of its motion and accompanying exhibits. ARC's memorandum argued, among other things, that the Zelenaks lacked standing after the foreclosure. The exhibits included the purchase agreement between the Zelenaks and ARC as well as an affidavit from Alan Muncy, signed as the president of ARC Construction Management, in which he stated that the Zelenaks "first reported a problem with their windows and doors in 2004." Appellees' App. p. 36. The exhibits also included an inspection report on the Zelenaks' home indicating leaking windows and doors, water damage, mold and mildew, and exposed electrical wires. The exhibits further included the Zelenaks' response to ARC's interrogatory asking the Zelenaks to list all special damages, losses, or expenses incurred due to ARC's alleged acts. The Zelenaks responded:

Windows and exterior doors need to be replaced. Cost is unknown.

Mold is present. John Joseph Zelenak, II, age 8, has allergies.

Home is wet. We are seeking an unspecified amount for the loss of use and enjoyment of our home. We decided not to spend another winter in this home.

*Id.* at 45.

The trial court treated the motion to dismiss as a motion for summary judgment and set the matter for a hearing. The Zelenaks did not designate any evidence. At the hearing, the Zelenaks conceded that the foreclosure barred most of their claims but argued that one claim remained: "The question that remains to be tried before the court is whether loss of use [and] enjoyment in the house due to the water intrusion during the time that they were there and that is, I believe the sole issue, legal issue that is left before the court." Tr. p. 5. In their post-hearing brief, the Zelenaks argued that summary judgment could be granted as to all issues except breach of the implied warranty of habitability. After taking the matter under advisement, the trial court issued the following order: "The court, at this time, preserves the [Zelenaks'] claim for loss of use and enjoyment of the property during the period they inhabited the property. All other claims as to the value of the property or damage to the property are dismissed upon [ARC's] motion." Appellants' App. E. Upon ARC's request, the trial court certified its order for interlocutory appeal, and this Court accepted jurisdiction.

## DISCUSSION AND DECISION

ARC construes the trial court's ruling as dismissing the Zelenaks' claims but "unilaterally amending the . . . [c]omplaint to add a count for loss of use and enjoyment."

4

Appellants' Br. p. 6. ARC argues that loss of use and enjoyment is a measure of damages, and because there are no claims left in the complaint, ARC cannot be held liable for damages. In response, the Zelenaks argue that their amended complaint set forth a claim for breach of the implied warranty of habitability and that loss of use and enjoyment is "part and parcel of a claim for [breach of the] implied warranty of habitability." Appellees' Br. p. 5.

Both parties present our standard of review as that employed on summary judgment. Indeed, Indiana Trial Rule 12(B) provides that a motion to dismiss under Rule 12(B)(6) "shall" be treated as a motion for summary judgment where "matters outside the pleading are presented to and not excluded by the court." Along with the motion to dismiss, ARC filed a memorandum and exhibits, which were not excluded by the trial court. A review of the record shows that the parties and the trial court treated the motion to dismiss as a motion for summary judgment. We therefore employ the summary judgment standard of review. When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269-70 (Ind. 2009). All facts established by the designated evidence and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007).

The Zelenaks' amended complaint does not explicitly allege loss of use and enjoyment or breach of the implied warranty of habitability. Nevertheless, Indiana's notice pleading provision requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for relief to which the pleader deems entitled." Ind. Trial Rule 8(A); *Buschman v. ADS Corp.*, 782 N.E.2d 423, 430 (Ind. Ct. App. 2003). Under Indiana's notice pleading system, a pleading need not adopt a specific legal theory of recovery to be adhered to throughout the case. *City of Clinton v. Goldner*, 885 N.E.2d 67, 74 (Ind. Ct. App. 2008). Indiana's notice pleading rules do not require the complaint to state all elements of a cause of action. *State v. Am. Family Voices, Inc.*, 898 N.E.2d 293, 296 (Ind. 2008). Notice pleading merely requires pleading the operative facts so as to place the defendant on notice as to the evidence to be presented at trial. *City of Clinton*, 885 N.E.2d at 74. Therefore, under notice pleading the issue of whether a complaint sufficiently pleads a certain claim turns on whether the opposing party has been sufficiently notified concerning the claim so as to be able to prepare to meet it. *Id.* A complaint's allegations are sufficient if they put a reasonable person on notice as to why a plaintiff sues. *Buschman*, 782 N.E.2d at 430.

The builder-vendor of a new home provides an implied warranty of habitability to the first purchaser of the home. *See Dinsmore v. Fleetwood Homes of Tenn., Inc.*, 906 N.E.2d 186, 191 (Ind. Ct. App. 2009).[1] The implied warranty of habitability is a warranty that the home will be free from defects that substantially impair the use and

---

[1] The protection of the implied warranty of habitability also extends to subsequent purchasers of the home, but its scope is limited to latent or hidden defects. *Dinsmore*, 906 N.E.2d at 191.

6

enjoyment of the home. *Id.* A plaintiff must prove that the defect's causation originated in the builder-vendor, and the standard of proof is reasonableness in light of the circumstances. *Id.* The builder-vendor must be given notice of the alleged breach of warranty and opportunity to cure the defect. *Id.*

The Zelenaks' amended complaint alleges that ARC built and sold them a defective home. Specifically, the Zelenaks allege that the windows and doors were installed improperly or were defective when supplied, a rafter was missing, there were exposed electrical wires, and there was water intrusion. These allegations are sufficient to put ARC on notice that the Zelenaks are suing for breach of the implied warranty of habitability. Moreover, the caption of the amended complaint states that breach of warranty is one of the Zelenaks' claims. Although the caption is certainly not dispositive, *see Campbell v. Eckman/Freeman & Assocs.*, 670 N.E.2d 925, 929 (Ind. Ct. App. 1996) ("We treat pleadings according to their content rather than their caption."), *trans. denied*, the caption here corroborates the fact that the operative facts pleaded in the amended complaint state a claim for breach of the implied warranty of habitability.

Although ARC claims that the trial court added a claim to the Zelenaks' amended complaint, we conclude that the trial court merely preserved a claim that was already alleged in the amended complaint. We have already determined that the amended complaint pleaded the operative facts for breach of the implied warranty of habitability, which was a warranty that the Zelenaks' home would be free from defects that substantially impair the use and enjoyment of the home. In its ruling, the trial court preserved the Zelenaks' claim for "loss of use and enjoyment of the property during the

7

period they inhabited the property." Appellants' App. E. A "loss of use and enjoyment" of a home due to alleged defects in construction surely constitutes a "substantial impairment to the use and enjoyment" of a home due to alleged defects in construction. Although we do not condone the trial court's lack of specificity, we conclude that the trial court preserved the Zelenaks' claim for breach of the implied warranty of habitability.

ARC nonetheless argues that the Zelenaks lost standing to pursue their lawsuit when their home was foreclosed. The judicial doctrine of standing focuses on whether the complaining party is the proper party to invoke the court's power. *Founds. of E. Chicago, Inc. v. City of E. Chicago*, 927 N.E.2d 900, 903 (Ind. 2010), *clarified on reh'g*, 933 N.E.2d 874 (2010). Courts seek to assure that litigation will be actively and vigorously contested. *Id.* To have standing, a party must demonstrate a personal stake in the outcome of the lawsuit and must show that he or she has sustained, or was in immediate danger of sustaining, some direct injury as a result of the conduct at issue. *See id.* The Zelenaks are alleging that they sustained damages as a result of ARC's defective construction of their home. We therefore conclude that they have standing.

We next must determine whether the trial court erred by denying summary judgment to ARC on the Zelenaks' claim for breach of the implied warranty of habitability. The designated evidence includes the purchase agreement between the Zelenaks and ARC regarding the construction of the home, Muncy's affidavit in which he stated that the Zelenaks first reported problems with their windows and doors in 2004, the home inspection report indicating leaking windows and doors, water damage, mold and mildew, and exposed electrical wires, and the Zelenaks' answer to ARC's interrogatory

8

indicating that the windows and doors needed to be replaced and that the home was wet and moldy. The answer further indicated that the Zelenaks decided not to spend another winter in the home and were seeking damages for the loss of use and enjoyment of their home. We conclude that this evidence establishes a genuine issue for trial on the Zelenaks' remaining claim for breach of the implied warranty of habitability. The trial court therefore did not err by denying summary judgment on this claim.

As a final matter, the Zelenaks request appellate attorney's fees for ARC's "omissions and misstatements of the record." Appellees' Br. p. 7. Indiana Appellate Rule 66(E) provides in pertinent part, "The Court may assess damages if an appeal . . . is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." We use extreme restraint in awarding appellate damages because of the potential chilling effect upon the exercise of the right to appeal. *In re Estate of Carnes*, 866 N.E.2d 260, 267 (Ind. Ct. App. 2007). Procedural bad faith occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. *Kozlowski v. Lake Cnty. Plan Comm'n*, 927 N.E.2d 404, 412 (Ind. Ct. App. 2010), *trans. denied*. Although we acknowledge that ARC failed to include in its Appendix the exhibits accompanying its motion to dismiss, in effect, its designated evidence, we cannot say that this omission or any alleged misstatements are so flagrant or significant as to warrant the imposition of attorney's fees.

## CONCLUSION

For the reasons stated above, we affirm the trial court's order denying summary judgment on the Zelenaks' claim for breach of the implied warranty of habitability and remand for proceedings consistent with this opinion.

Affirmed and remanded.

DARDEN, J., and RILEY, J., concur.