## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2020, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Michael L. Carmin
Daniel M. Cyr
CarminParker, PC
Bloomington, Indiana

Martha A. Dean
Law Offices of Martha A. Dean, LLC
Avon, Connecticut

ATTORNEYS FOR APPELLEES
JERRY WISE, KATHY WISE,
DAVID DRAKE, AND BROZIA
DRAKE

Jonathan W. Hughes
Andrew M. McNeil
Bose McKinney & Evans LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
OWEN COUNTY, INDIANA
BOARD OF ZONING APPEALS

John J. Moore
Tuohy Bailey & Moore LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Precision Gun Range LLC, and Baron Creek LLC, | November 30, 2020 |
| *Appellants*, | Court of Appeals Case No. 20A-PL-231 |
| v. | Appeal from the Owen Circuit Court |
| Jerry Wise, Kathy Wise, David Drake, and Brozia Drake, | The Honorable Michael D. Keele, Special Judge |
| | Trial Court Cause No. 60C02-1907-PL-304 |

Owen County, Indiana Board of
Zoning Appeals,

*Appellees.*

**Brown, Judge.**

[1] Precision Gun Range LLC ("PGR") and Baron Creek LLC ("Baron Creek")
appeal the trial court's January 3, 2020 order which granted a request for stay
and preliminary injunction. We affirm.

*Facts and Procedural History*

[2] Jerry Wise and Kathy Wise reside in Owen County, Indiana, approximately
1,119 yards due south of a rifle range operated by PGR. David Drake and
Brozia Drake reside immediately west of the Wises.

[3] In March 2015, PGR filed a Conditional Use Application through Michael
Marshall with the Owen County Board of Zoning Appeals (the "BZA") to
"create 'Gun Club' – Recreational on Lots 3-6 Franklin Industrial Park II."
Exhibits Volume I at 9. The application included a site plan with a rifle range
and a pistol range. The conditional use application was filed for the property
addresses of Lots 3, 4, 5, and 6 of the Franklin Industrial Park. At the time of

the application, Baron Creek owned Lot 6, but it has never owned Lots 3, 4, or 5.

[4] On April 9, 2015, the BZA conducted a public hearing to consider PGR's conditional use application which provided for the operation of a rifle range in a west to east shooting orientation. The minutes from the meeting indicated the board members agreed that the request had met all conditions, regulations, and development standards required in the zoning ordinance, approved the conditional use request, and ordered that the gun range owners meet all safety standards and building requirements "per the State, Local and Federal for [sic] Firearms for both the proposed indoor and outdoor ranges and future development." *Id.* at 15.

[5] Between April 9, 2015, and September 26, 2015, PGR oriented the rifle range in a north to south direction. It received no written authorization to do so, and the rifle range opened on September 27, 2015, in a north to south shooting orientation.

[6] The Wises found bullet holes in their home, shop, and trailer. The Drakes found a bullet hole in their home's gutter. The Wises found the first bullet hole on November 13, 2016, and reported this discovery to the Owen County Sheriff's Department. Sergeant Michael Browning responded, inspected the property, and identified two bullet holes in the exterior siding of the steel shop, evidence of a bullet hitting concrete blocks, and a bullet hole in the side of a racecar trailer. Jerry Wise reported the incident to PGR, and PGR by its

representative and range-manager, Kimberly Bartlett, indicated that it was aware of a problem with the left hand side of the range, and would fix it and repair the damage.

[7] On or around February 6, 2017, the Wises discovered a bullet in their home. On February 28, 2017, the Drakes discovered a bullet in their gutter and reported the incident to the Indiana State Police, and Sergeant Christopher Fears conducted an investigation. On March 15, 2017, Sergeant Fears met with Bartlett at PGR. Bartlett told Sergeant Fears "that the rifle alley could possibly be moved, and they would look into the solution. Ms. Bartlett advised . . . that as of this date, the rifle alley would be closed indefinitely until it is fixed or changed. She advised they would lock it down and not utilize it, at this time." Appellants' Brief at 17.

[8] The rifle range was closed during the period of March 2017 until May 25, 2019, but PGR continued to operate the pistol range during that time. When the rifle range was closed, neither the Drakes nor the Wises had any concerns about bullets entering or striking their properties.

[9] Although the rifle range was closed in March 2017, PGR notified the public via a November 21, 2017 press release that it would be reopening it on December 1, 2017. On December 5, 2017, the BZA made a motion to close the rifle range until expert findings could deem it safe, and that month it closed the rifle range. PGR continued to operate its pistol range.

On January 11, 2018, the BZA met to discuss the conditional use. The BZA heard various complaints, and County attorney Richard Lorenz noted that any directional change in the range "should have been re-presented to the BZA for approval." *Id.* at 18. The BZA voted "to give PGR 15 days to develop a presentation to demonstrate the safety of the range." *Id.* All agreed that the rifle range would not reopen "until the BZA meets again on the matter." *Id.* On February 2, 2018, the BZA met, and it "was agreed upon to maintain the range's closure until new safety measures are implemented and revisited." *Id.* at 19.

On July 19, 2018, the BZA held a meeting where no action was taken on the range other than to authorize its attorney to work on a letter concerning a future closure. On September 20, 2018, the BZA held a meeting, reminded all in attendance that "a conditional use can be revoked at any time," discussed hiring an outside specialist to review the safety at the range, and moved to request funding from the County Council "to hire an independent specialist." *Id.*

On October 23, 2018, the BZA met again to discuss the independent inspection. It indicated that the County Council denied funds for the specialist and noted, "[s]ince there was an approved motion to close [by the BZA], [the rifle range] will remain closed until approval is given." *Id.*

On May 24, 2019, the BZA held a meeting to consider the rifle range and ultimately tabled the issue "until further able to process." *Id.* at 20. PGR

unilaterally determined to reopen the rifle range on May 25, 2019. On May 26, 2019, Sergeant Browning responded to a call from Kathy Wise who reported that the Wises had located a bullet lodged in the north side of their residence. Sergeant Browning observed the bullet hole and recovered the bullet from the window frame just above the bedroom window. He also identified what he believed to be ballistic damage to the Wises' new arbor in their back yard.

[14]	On June 10, 2019, all three members of the BZA and the Owen County planning director visited PGR and met with Bartlett. On June 18, 2019, the BZA held a meeting, the minutes for which stated in part: "A motion to allow PGR to operate and remain open was made by R. Wood 2nd by S. Wood. Carried 3-0." Exhibits Volume I at 28.

[15]	On July 17, 2019, the Wises and Drakes filed a Complaint for Declaratory Relief, Injunction, and Verified Petition for Judicial Review in the Owen Circuit Court against the BZA, PGR, Baron Creek, and Marshall under cause number 60C02-1907-PL-304. Under Count I, "Declaratory and Injunctive Relief – Violation of Existing Variance," they requested that the court enter: a declaratory judgment that Defendants, PGR, Baron Creek, and/or Marshall are in violation of the Conditional Use Variance and Zoning Ordinance; a preliminary injunction prohibiting PGR, Baron Creek, and/or Marshall from operating a rifle and/or pistol range on Lot 6 pending the outcome of this case; and a permanent injunction prohibiting PGR, Baron Creek, and/or Marshall from operating the non-complying rifle and pistol ranges. Appellants' Appendix Volume II at 52. The complaint also contained Count II, "Petition

for Judicial Review," and Count III, "Petition for Order Staying Zoning Decision Pending Review." *Id.* at 55, 66.

[16] On August 7, 2019, the Wises and Drakes filed an Agreed Motion for Extension of Time to File Record of Proceedings. On September 11, 2019, PGR and Baron Creek filed a Motion for Partial Dismissal; a Motion for Judgment on the Pleadings and Dismissal (Counts II and III); and a Motion for Partial Dismissal in which they argued in part that the Wises and Drakes did not have standing to assert a claim premised on enforcement of the zoning ordinance. On September 16, 2019, the BZA filed a response to the complaint.[1]

[17] On September 25, 2019, the Wises and Drakes filed a Memorandum of Law in Opposition to Motion for Partial Dismissal and a Memorandum of Law in Opposition to Motion for Judgment on the Pleadings and Dismissal (Counts II and III) and Cross Motion for Judgment on the Pleadings (Counts I, II, and III). On October 2, 2019, the court held a hearing, and five days later it entered an order denying the motion for partial dismissal and scheduled a hearing for November 14, 2019.

[18] PGR and Baron Creek timely filed a motion to certify the order for interlocutory appeal. On October 16, 2019, PGR and Baron Creek filed a Motion to Dismiss Petition for Judicial Review, and two days later they filed a Motion to Reconsider Motion to Dismiss and in the Alternative Motion to

---

[1] The BZA has not filed a brief in this appeal.

Consolidate in which they moved to consolidate the cause with cause number 60C02-1703-CT-116 ("Cause No. 116").[2]

[19] On November 12, 2019, the court denied PGR and Baron Creek's Motion to Certify Order for Interlocutory Appeal, Motion to Dismiss Petition for Judicial Review, and Motion to Dismiss and in the Alternative Motion to Consolidate.

[20] On November 14, 2019, the court held the scheduled hearing. Counsel for the Wises and Drakes asserted:

> Your Honor we're here today on a stay hearing and on a Preliminary Injunction, Petitioners are entitled to both. Although the granting of either will accomplish the same purpose, which is to enjoin Defendants, Precision Gun Range from operating its rifle range on property situated in Owen County, either one of those will accomplish that purpose.

Transcript Volume I at 6.

[21] On January 3, 2020, the court entered an order that stayed the June 18, 2019 BZA decision. The court found that the petition for review and the petition for a stay order showed a reasonable probability that the appealed zoning decision

---

[2] On March 23, 2017, the Wises and Drakes filed a Complaint for Damages and Injunctive Relief against PGR in the Owen Circuit Court under Cause No. 116. The complaint alleged Count I, negligence, Count II, nuisance, and Count III, trespass. The complaint requested consequential damages, punitive damages, and a permanent injunction to prevent PGR from operating and/or resuming the operation of the shooting range in a manner that endangers the property of the Wises and Drakes "because without a permanent injunction [PGR's] operation of the Shooting Range threatens Plaintiffs with immediate and irreparable injuries that are not compensable with monetary damages." Appellants' Appendix Volume VII at 83. On October 14, 2020, a mediator filed a report in Cause No. 116 indicating that a settlement was reached in that case.

was invalid and/or illegal, the BZA failed to issue written findings of fact, and the BZA never considered the re-orientation of the rifle range. With respect to the request for preliminary injunction, the court stated that under the *per se* rule, the Wises and Drakes needed to show only that (i) they have at least a reasonable likelihood of success at trial by establishing a prima facie case that PGR is violating the law; and (ii) the public interest would not be disserved by issuing the injunction. The court found that they established a reasonable likelihood that PGR's rifle range was in violation of the zoning ordinance and, even if the BZA could authorize the rifle range, PGR was in violation of the BZA's only written authorization for the operation of the range. It ordered PGR to refrain from operating its rifle range in a north to south shooting orientation during the pendency of the stay and ordered the Wises and Drakes to file a bond in the amount of $500 conditioned upon the due prosecution of the proceeding. The court also denied PGR and Baron Creek's motion for judgment on the pleadings and dismissal of Counts II and III and the Wises and Drakes' cross-motion for judgment on the pleadings for Counts I, II, and III. On January 29, 2020, PGR and Baron Creek filed a notice of appeal of the January 3, 2020 order.[3]

---

[3] The notice of appeal states the appeal is from an interlocutory order and taken as of right pursuant to Ind. Appellate Rule 14(A)(5).

## *Discussion*

PGR and Baron Creek assert that: (A) the Wises and Drakes lack standing; (B) the Wises and Drakes were not entitled to a stay; and (C) the preliminary injunction was improper.

A. *Standing*

To the extent PGR and Baron Creek argue that the Wises and Drakes lack standing, this issue was raised by PGR in its September 11, 2019 Motion for Partial Dismissal. The trial court denied this motion in its October 7, 2019 order, which was not certified for interlocutory appeal. Even assuming PGR and Baron Creek can now assert that the Wises and Drakes lack standing, we cannot say that reversal is warranted. Standing has been defined as "having 'sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'" *Ind. Civil Rights Comm'n v. Indianapolis Newspapers, Inc.*, 716 N.E.2d 943, 945 (Ind. 1999) (quoting BLACK'S LAW DICTIONARY 1405 (6th ed. 1990)), *reh'g denied*. Standing requires that a party have "a personal stake in the outcome of the lawsuit and must show that he or she has sustained or was in immediate danger of sustaining, some direct injury as a result of the conduct at issue." *Foundations of East Chicago, Inc. v. City of East Chicago*, 927 N.E.2d 900, 903 (Ind. 2010) (quoting *Higgins v. Hale*, 476 N.E.2d 95, 101 (Ind. 1985)), *clarified on reh'g by* 933 N.E.2d 874.

PGR and Baron Creek refer to the Owen County Zoning and Subdivision Control Ordinance (the "Ordinance") and assert that "[t]he Planning Director

is fully vested with authority to determine whether or not a violation should be pursued." Appellants' Brief at 32. Under the heading "Authorized Remedies for Violations," the Ordinance provides:

> A. Upon a reasonable belief that a person is violating a provision of this ordinance or a condition, requirement or commitment imposed or made thereunder, the Planning Director may seek, with the assistance of the Commission Attorney, the following civil remedies:
>
> > 1. a civil penalty for ordinance violation;
> >
> > 2. a temporary restraining order, preliminary injunction or permanent injunction to restrain a person from violating the ordinance or a condition, requirement or commitment imposed or made thereunder; and
> >
> > 3. a mandatory injunction directing a person to perform a condition, requirement or condition imposed or made under the ordinance or to remove a structure erected in violation of the ordinance. *The foregoing remedies may be sought by any property owner specially damaged by any such violation of the ordinance.*

Appellants' Appendix Volume II at 156 (emphasis added). Based on the Ordinance and the record, the Wises and Drakes do not lack standing.[4]

B. *Stay*

---

[4] Ind. Code § 36-7-4-1603 is titled "Judicial review; standing" and addresses standing to obtain judicial review of a zoning decision. PGR and Baron Creek do not cite Ind. Code § 36-7-4-1603 or present cogent argument regarding the impact of the statute.

Appellants argue that the Wises and Drakes are not entitled to a stay, the Petition for Judicial Review must be dismissed, and "[u]pon dismissal of the Petition for Judicial Review, in accordance with I.C. 36-7-4-1609, there is no basis to maintain an order of stay." Appellants' Brief at 45.

Ind. Code § 36-7-4-1609 provides:

> (a) A person seeking judicial review may seek, by filing a verified petition, an order of the court staying the zoning decision pending review by the court. The court may enter an order staying the zoning decision pending a final determination if:
>
>> (1) the court finds that the petition for review and the petition for a stay order show a reasonable probability that the zoning decision appealed from is invalid or illegal; and
>>
>> (2) a bond is filed that is conditioned upon the due prosecution of the proceeding for review and that the petitioner will pay all court costs and abide by the zoning decision if it is not set aside. The bond must be in the amount and with the surety approved by the court. However, the amount of the bond must be at least five hundred dollars ($500).
>
> (b) If a petition for review concerns a revocation or suspension of a previously approved variance, exception, or use, any stay ordered under subsection (a) is effective during the period of the review and any appeal from the review and until the review is finally determined, unless otherwise ordered by the court granting the stay. If the stay is granted as provided in this section and the zoning decision is approved on final determination, the revocation or suspension of the variance, exception, or use immediately becomes effective.

[27] Without citation to authority, PGR and Baron Creek argue that "[t]he June 18, 2019 BZA decision was not a zoning decision subject to judicial review." Appellants' Brief at 41. They assert that the "June 18, 2019 vote to allow the range to reopen is a nullity" and "was a vote for action not within the power or the purview of the Board of Zoning Appeals." *Id.* at 41-42. They also contend that the Wises and Drakes waived any appeal of the April 9, 2015 decision of the BZA. However, we note they acknowledge in their statement of facts that the conditional use application and site plan with respect to the April 9, 2015 decision intended the operation of a rifle range in a west to east shooting orientation, and that they subsequently operated the rifle range in a north to south direction. We cannot say that PGR and Baron Creek have demonstrated that the BZA's June 18, 2019 decision did not constitute a zoning decision for purposes of Ind. Code § 36-7-4-1609 or that the Wises and Drakes did not timely file their complaint.

[28] To the extent PGR and Baron Creek argue that the complaint for declaratory relief is mischaracterized as a request for judicial review and that no petition for judicial review was filed, the Wises and Drakes correctly point out that argument "ignores the fact that Homeowners filed a two-count complaint" and that Count II was for judicial review. Appellees' Brief at 42.

[29] PGR and Baron Creek also argue that "[t]endering eight hundred thirty-seven (837) miscellaneous papers consisting of every loose paper from the BZA files ever pertaining to Conditional Use Permit 2015-01 dating from April, 2015 through and after June 8, 2019 does not comport with I.C. 36-7-4-1613."

Appellants' Brief at 43. We note they do not assert that any portion of the record is missing. We also note that the Joint Stipulations of Fact filed on November 13, 2019, state: "The parties agree that all documents (837 pages) contained in the files of the BZA certified by Jenny Osborne on August 28, 2019 and provided to the parties by the BZA's counsel are authenticated as public records and reserve all other objections to the admissibility of the records for the hearing." Exhibits Volume I at 6. This argument is without merit.

[30] In addressing the request for a stay under Ind. Code § 36-7-4-1609, the trial court concluded that the petition showed a reasonable probability that the appealed zoning decision was invalid and/or illegal, the BZA lacked authority to grant a conditional use to operate a rifle range, and the Ordinance limited the use of real property in Owen County. The court found that the BZA failed to issue the required written findings of fact pursuant to Ind. Code § 36-7-4-915 and that, "[a]bsent specific, tailored, written findings of fact, the BZA's June 18, 2019 decision is invalid and illegal and must be stayed pending a final resolution of this matter." Appellants' Appendix Volume II at 43. The court also found that the BZA never considered the re-orientation of the rifle range, "[t]he BZA's June 18, 2019 Zoning Decision allegedly authorizing PGR to operate its rifle range is in violation of the BZA's own Findings of Fact approved in April of 2015 which oriented the range in a west to east direction," and "[w]ithout formal written action from the BZA and/or the Zoning Administrator, PGR's use of the range in a north to south orientation must be, and hereby is, stayed." Id. at 44. Appellants do not cite Ind. Code § 36-7-4-915

or specifically challenge the trial court's findings with respect to the stay under Ind. Code § 36-7-4-1609. Again, Appellants have not demonstrated grounds for reversal.[5]

C. *Preliminary Injunction*

[31] In challenging the preliminary injunction, PGR and Baron Creek assert that the trial court made no findings of actual harm, and that declaratory relief is not available where the Wises and Drakes have an adequate remedy through their complaint for nuisance in Cause No. 116. They argue that "[t]he Court referred to a per se rule that [PGR's] actions were illegal and, therefore, exempted [the Wises and Drakes] from satisfying the balance of harm and the balance of public interest tests. However, [the Wises and Drakes] are not likely to succeed on the merits of Count I." Appellants' Brief at 25.

---

[5] For the first time in their reply brief, PGR and Baron Creek assert that the trial court's conclusion that there are no zoning districts that authorize a rifle range in Owen County is clearly erroneous, and they also mention for the first time on appeal the Second Amendment of the United States Constitution. The Wises and Drakes filed a motion to strike portions of PGR and Baron Creek's reply brief including the argument regarding the Second Amendment. In their reply to the motion to strike, PGR and Baron Creek acknowledge that their opening brief did not address constitutional problems with an interpretation of the Ordinance. Generally, the law is well settled that grounds for error may be framed only in an appellant's initial brief and are waived if addressed for the first time in the reply brief. *See Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005). In their Response to Motion to Strike, PGR and Baron Creek assert that "[a]ppellate courts are not prohibited from considering the constitutionality of a statute even though the issue otherwise has been waived" and that "a reviewing court may exercise its discretion to review a constitutional claim on its own accord." Appellants' Response to Motion to Strike at 4 (citing *Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53-54 (Ind. 2013)). We note that PGR and Baron Creek do not challenge the constitutionality of a statute; rather, they assert there is no mention of shooting ranges being prohibited in the Ordinance.

[32] The grant or denial of a preliminary injunction rests within the sound discretion of the trial court, and our review is limited to whether there was a clear abuse of that discretion. *Apple Glen Crossing, LLC v. Trademark Retail, Inc.*, 784 N.E.2d 484, 487 (Ind. 2003). To obtain a preliminary injunction, the moving party has the burden of showing by a preponderance of the evidence that: (1) the movant's remedies at law are inadequate, which will cause him irreparable harm pending resolution of the substantive action; (2) the movant has at least a reasonable likelihood of success at trial by establishing a prima facie case; (3) the threatened injury to the movant outweighs the potential harm to the nonmoving party that would result from the grant of an injunction; and (4) the public interest would not be disserved by the injunction. *Id.* If the movant fails to prove any of these requirements, the trial court's grant of an injunction is an abuse of discretion. *Id.*

[33] Under the "'per se' injunction standard," "if the action to be enjoined clearly violates a statute, the public interest is so great that the injunction should issue regardless of whether a party establishes 'irreparable harm' or 'greater injury.'" *State v. Econ. Freedom Fund*, 959 N.E.2d 794, 804 (Ind. 2011) (citing *Ind. Family & Soc. Servs. Admin. v. Walgreen Co.*, 769 N.E.2d 158, 161-162 (Ind. 2002)), *reh'g denied*, *cert. denied*, 568 U.S. 825 (2012). In other words, "a relaxed standard may sometimes be applied for clear, uncontested unlawful conduct." *Ind. Family & Soc. Servs. Admin.*, 769 N.E.2d at 162 (citing *Schrenker v. Clifford*, 270 Ind. 525, 529, 387 N.E.2d 59, 61 (1979)). "[B]ecause parties are relieved of several showings usually necessary to obtain injunctive relief, this relaxed

standard 'is only proper when it is clear that [a] statute has been violated.'" *Id.* (quoting *Union Township Sch. Corp. v. State ex rel. Joyce*, 706 N.E.2d 183, 192 (Ind. Ct. App. 1998), *reh'g denied*, *trans. denied*).

[34] To the extent PGR and Baron Creek assert that the trial court referred to the per se injunction standard and improperly "exempted Petitioners from satisfying the balance of harm and the balance of public interest tests," Appellants' Brief at 25, we note that the trial court's order addressed both harm and public interests. With respect to harm, the trial court found that the Wises found bullet holes in their home, shop, and trailer; the Drakes found a bullet hole in their home's gutter; PGR's representative indicated PGR was aware it had a problem with the range and indicated in March 2017 that the rifle alley would be closed indefinitely; the Drakes and the Wises had no bullet strikes on their property during the time the rifle range was closed; Kathy Wise reported a bullet lodged in the north side of her residence on May 26, 2019, after PGR unilaterally reopened the rifle range; the Wises and Drakes' expert could not rule out the range as the source of the bullets; and the Wises and Drakes' lives have been impacted by the discovery of bullets on and in their property. As for the public interest, the trial court found that "[t]he public interest is actually served by enjoining the operation of a rifle range on PGR's property" and "[t]he public is best served by having the law, including the local Zoning Ordinances

applied in an orderly, fair, and judicious manner." Appellants' Appendix Volume II at 46. We find no clear abuse of discretion by the trial court.[6]

[35] For the foregoing reasons, we affirm the trial court's January 3, 2020 order.

[36] Affirmed.

Robb, J., and Crone, J., concur.

---

[6] As for PGR and Baron Creek's assertion that the Wises and Drakes' remedies at law are adequate, we note that they did not appeal the trial court's November 12, 2019 order denying their motion to dismiss or consolidate the case with Cause No. 116. Further, a mediator filed a report on October 14, 2020, in Cause No. 116 indicating that a settlement was reached. PGR and Baron Creek do not cite to any details of the settlement. They have not established that an award of monetary damages or remedy which may have been provided in the settlement would adequately protect the Wises and Drakes.